(January 20, 1927.)

ISABELLE HAUGSE, Administratrix of the Estate of JOE HAUGSE, Deceased, Respondent, v. SOMMERS BROS. MANUFACTURING CO., Employer, and MARYLAND CASUALTY COMPANY, Surety, Appellants.

[254 Pac. 212.]

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DEATH DOES NOT RELEASE INSURER FROM OBLIGATION UNDER AWARD FOR INJURY—SURVIVAL OF ACTION—JURISDICTION OF DISTRICT COURT.

1.   District court is not required to dismiss an appeal from the Industrial Accident Board for failure to specify alleged errors of the board.

2. Award to injured employee for loss of eye by enucleation, made in accordance with C. S., sec. 6234, as amended by Laws 1921, chap. 217, sec. 5, not being made to depend on continuation of incapacity or whether employee lived throughout life of insurance agreement, casualty company is not released from its obligation by death of employee, sections 6231 and 6233, as amended by Laws 1921, chap. 217, secs. 3, 4, being inapplicable.

3. Ordinarily, causes of action which are not assignable do not survive.

4. Right to enforce payment for loss of eye, under agreement by injured employee with insurance carrier, approved by Industrial Accident Board, survived employee, since it was in the nature of a judgment for liquidated damages, notwithstanding that claim was nonassignable.

5. Question of whether liability of insurer under agreement for loss of eye terminated on employee's death depended for solution on Workmen's Compensation Law, and Industrial Accident Board was authorized to determine it under C. S., secs. 6214, 6269, 6273, thereby authorizing jurisdiction of district court on appeal from order of board authorizing compensation to be stopped.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. Chas. L. Heitman, Judge.

Judgment reversing an order of the Industrial Accident Board. *Affirmed.*

Publisher's Note.

2. Survival of right to compensation under Workmen's Compensation Act upon death of person entitled to award, see notes in 15 A. L. R. 821; 24 A. L. R. 441; 29 A. L. R. 1429.

3. Law governing survival of actions, see notes in 6 Ann. Cas. 584; Ann. Cas. 1914B, 114.

5. Insurance carrier as bound by findings upon claim for Workmen's Compensation, see note in 28 A. L. R. 882.

See Abatement and Revival, 1 C. J., sec. 288, p. 169, n. 65; sec. 303, p. 175, n. 13.

Workmen's Compensation Acts, C. J., sec. 123, p. 120, n. 15 New; sec. 125, p. 121, n. 12; sec. 151, p. 132, n. 82 New.

Chas. M. Kahn, for Appellants.

Where no specifications of error, are filed on an appeal to· the district court from the Industrial Accident Board, the appeal should be dismissed. (*McNeil v. Panhandle Lumber Co.*, 34 Ida. 733, 203 Pac. 1068; *Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 218 Pac. 356.)

If the contract was a complete settlement between the parties and did not constitute an award of compensation, the action should have been started originally in the district court, as any other action at law on contract, and the Industrial Accident Board had no jurisdiction to hear the claim, nor could the district court acquire jurisdiction to hear the appeal. (C. S., secs. 6217, 6223, 6262, 6269; Sess. Laws 1921, p. 474; *In re Levangie*, 228 Mass. 213, 117 N. E. 200; *Holzapfel v. Hoboken Mfg. Ry.*, 92 N. J. L. 193, 104 Atl. 209; *Burns v. Edison*, 92 N. J. L. 288, 105 Atl. 717; *Millaley v. City of Grand Rapids*, 231 Mich. 10, 203 N. W. 651.)

There is no right of survivorship of award of compensation made to an injured employee under the Idaho compensation statutes, and where compensation is awarded to an injured employee for disability and he dies from causes other than the injury, compensation ceases with his death and does not descend to his personal representatives. Such right to compensation does not become a vested right in his personal representatives and heirs. (*Pedlow v. Swartz Electric Co.*, 68 Ind. App. 400, 120 N. E. 603; *In re Stone*, 66 Ind. App. 38, 117 N. E. 669; C. S., secs. 6214, 6219, 6223, 6225, 6231, 6233, 6234, 6240, 6262, 6267, 6269, 6277; Schneider, Workmen's Compensation Law, sec. 380, pp. 973, 974; Honnold, Workmen's Compensation, sec. 1876, pp. 673, 674; *Ray v. Industrial Accident Com.*, 99 Wash. 176, 168 Pac. 1121, 1122; *Zahler v. Dept. of Labor & Industry*, 125 Wash. 410, 217 Pac. 55; *La Chapelle v. Union Pacific Coal Co.*, 29 Wyo. 449, 214 Pac. 587; *Lahoma Oil Co. v. State Industrial Com.*, 71 Okl. 160, 15 A. L. R. 817, 175 Pac. 836; *Western Indemnity Co. v. State*

*Industrial Com.*, 96 Okl. 100, 29 A. L. R. 1419, 219 Pac. 147;
*Proops v. Twohey Bros.* (Ariz.), 240 Pac. 277; *Erie Ry. Co.
v. Callaway*, 91 N. J. L. 32, 102 Atl. 6; *Heiselt Const. Co. v.
Industrial Com.*, 58 Utah, 59, 15 A. L. R. 799, 197 Pac.
589; *Wenning v. Turk*, 78 Ind. App. 355, 135 N. E. 665;
*Duffney v. Morse Lumber Co.*, 42 R. I. 260, 107 Atl. 225;
*Murphy's Case*, 224 Mass. 592, 113 N. E. 283; *Derinza's
Case*, 229 Mass. 435, 118 N. E. 942; *Wozneak v. Buffalo Gas
Co.*, 175 App. Div. 268, 161 N. Y. Supp. 675; *Casmey v.
George Parks & Son*, 229 N. Y. 623, 129 N. E. 933, 177
'N. Y. Supp. 913; *Conrad v. Glenham Embroidery Co.*, 213
N. Y. App. Div. 507, 210 N. Y. Supp. 701; *United States
Fidelity & Guar. Co. v. Salser* (Tex. Civ. App.), 224 S. W.
557; *Moore v. Lumbermen's Recip. Assn.* (Tex. Civ. App.),
241 S. W. 1105; *Crawford v. Industrial Com.*, 110 Ohio,
271, 143 N. E. 574; Idaho Sess. Laws 1917, chap. 81,
pp. 252–254.)

Myrvin Davis, for Respondent.

The decision upon the motion to dismiss in the district
court was within the discretion of that court. (*McNeil v.
Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068; *Tay-
lor v. Blackwell Lumber Co.*, 37 Ida. 707, 218 Pac. 356.)

Jurisdiction over the award was in the board, and, in this
case, by the election of the appellant the action was begun
before it, and has been continued to the district court and
up to this court without objection.    (C. S., sec. 6269.)

A contract and award for specific indemnity survives the
death from other causes of the person injured, and to whom
specific indemnity has been granted. (*Forkas v. Interna-
tional Silver Co.*, 100 Conn. 417, 123 Atl. 831; *Saddlemire
v. American Bridge Co.*, 94 Conn. 618, 110 Atl. 63; *Cos-
tello v. Seamless Rubber Co.*, 99 Conn. 545, 122 Atl. 79;
*Bowman v. Industrial Co.*, 289 Ill. 126, 124 N. E. 373;
*Ward v. Heth Bros.*, 212 Mich. 180, 180 N. W. 245; C. S.,
secs. 6231–6234; Statutes of Connecticut, secs. 5351, 5352.)

WM. E. LEE, C. J.—One Haugse received a personal injury by accident arising out of and in the course of his employment with Sommers Bros. Manufacturing Co. The injury consisted in the loss of an eye by enucleation, for which the Maryland Casualty Company, insurance carrier for the employer, entered into an agreement with Haugse to pay him $1,920, at the rate of $16 per week for 120 weeks, payable monthly. A memorandum of the agreement was approved by the Industrial Accident Board, and payments were made according thereto until Haugse died from a cause other than that for which he was being paid. On his death, the Casualty Company appeared before the board and asked that it be relieved from its agreement to further pay the compensation therein provided. Haugse's widow, his administratrix, thereupon applied to have the remaining payments made to her. The board held that it was without jurisdiction to entertain her application, but, treating the Casualty Company's application as one for the modification of an award (C. S., sec. 6269), ordered it to stop the payments. The matter was appealed to the district court, which, in effect, reversed the order of the board and directed that payments provided for in the agreement, not already made to Haugse, be made to his widow, the administratrix. From the judgment of the district court, the surety company has appealed.

[1] It is first suggested that the district court erred in denying the motion to dismiss the appeal from the order of the board. There is no merit in this assignment. It was suggested in *McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068, and *Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 213 Pac. 356, that on an appeal from the Industrial Accident Board the appellant should specify the errors alleged to have been committed by the board; and because of the nature of the last-mentioned case, it was suggested that the district court would not have erred had it "refused to consider the appeal." This court, however, has never held that the district court is required to dismiss an

appeal from the board for the failure to specify the alleged errors of the board.

[2]    The Casualty Company argues that it is the policy of the Workmen's Compensation Law that compensation be paid the workman only during the period of his incapacity for work, and that on a termination of incapacity compensation should cease. It is true that under C. S., sec. 6231, as amended, it is provided that where the injury causes total disability for work, "the employer during such disability . . . . shall pay the injured employee . . . . "; and that similar language is found relating to injuries causing partial disability (C. S., sec. 6233, as amended). There is also contained in each of such sections a proviso that "in no event shall the weekly payments continue after the disability ends." However, these sections do not cover the injury sustained by the workman in this case. On the contrary, C. S., sec. 6234, as amended, is applicable to this particular injury. That section provides: "In the case of the following injuries the compensation shall be fifty-five per centum of the average weekly wages, but not more than the weekly compensation provided in section 6231, in addition to all other compensation, for the periods stated against such injuries respectively, to wit: . . . . one eye by enucleation, 120 weeks . . . . " There is nothing in C. S., sec. 6234, or in the entire act, providing for a cessation of payments, for the loss of an eye by enucleation, on the death of the injured person. By its approval of the agreement, the board awarded the workman $1,920. The award was in accordance with the statute and was unconditional; it was not made to depend on a continuation of incapacity, or whether the workman lived throughout the life of the agreement; and the Casualty Company was not released from its obligation by the death of the injured workman.

[3, 4]    It is also contended that the right to the payment provided in the agreement did not survive Haugse, in that the statute prohibits the assignment of claims for compensation. Ordinarily causes of action which are not assignable do not survive. (1 C. J. 175.) Claims for com-

pensation are based on the statute and are made nonassignable for the benefit of those entitled to compensation. But it does not follow from the fact that such claims may not be assigned that the rights we are here concerned with do not survive. Haugse's right to receive payment for his injury depended wholly on statute until the agreement was made and approved by the board. Thereafter, this right was recognized by the agreement and the formal order of the board. It was in the nature of a judgment for liquidated damages for the loss of the eye, and the right to enforce payment survived. (*Kloepfer v. Forch,* 32 Ida. 415, 184 Pac. 477; 1 C. J. 169; *Forkas v. International Silver Co.,* 100 Conn. 417, 123 Atl. 831; *Monson v. Battelle,* 102 Kan. 208, 170 Pac. 801.)

It is contended also that the board did not have jurisdiction to hear and determine the application of the widow, and that the district court, therefore, did not acquire jurisdiction thereof by the appeal from the order of the board. The statute has withdrawn "all phases of the premises . . . . from private controversy . . . . and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this chapter provided." (C. S., sec. 6214.) The board may, on the application of any party, on the ground of a change in conditions, review any agreement or award, and on such review may make or refuse to make an award "ending, diminishing or increasing the compensation previously agreed upon or awarded." (C. S., sec. 6269.) And among its other powers, C. S., sec. 6273 authorizes the board to determine "all questions arising" under the Workmen's Compensation Law "if not settled by agreement of the parties interested therein . . . . "

[5] It is not disputed that Haugse received an injury compensable under the Workmen's Compensation Law. The agreement to compensate him therefor was in accord with the statute and received the approval of the board; it had the effect of an award. Whether the obligation of the Casualty Company, under the agreement, or award, or statute, was terminated by Haugse's death depends for solu-

tion on the Workmen's Compensation Law; it is a "question arising" under that law which the board is authorized to determine. It is our conclusion, therefore, that, on the appeal from the board, the district court had jurisdiction to make and enter the judgment. (*Forkas v. International Silver Co.*, 100 Conn. 417, 123 Atl. 831; *State ex rel. Munding v. Industrial Com.*, 92 Ohio, 434, Ann. Cas. 1917D, 1162, 111 N. E. 299, L. R. A. 1916D, 944.)

The authorities are not uniform on these questions, and there are decisions opposed to our views. However, none of them, in so far as we know, is based on a law similar to ours. For this reason it would serve no useful purpose to discuss the various decisions cited by the Casualty Company.

Judgment affirmed, costs to the respondent.

Budge and T. Bailey Lee, JJ., concur.

TAYLOR, J., Dissenting.—I cannot agree that the agreement between Haugse and the insurance carrier was an agreement "to pay him $1,920, at the rate of $16 per week for 120 weeks, payable monthly," or that the agreement approved by the board "was in the nature of a judgment for liquidated damages for the loss of the eye," or that "the right to enforce payment survived." There was no greater or any other obligation created by the agreement than existed, and would have been awarded, under the provisions of the act, for such agreements can only be approved by the board "when the terms conform to the provisions of this chapter." It was not a promise to pay, but specifically recites that " . . . . It is agreed between the parties hereto that compensation payments, at the rate of sixteen and no/100 ($16.00) dollars per week for one hundred twenty (120) weeks amounting to nineteen hundred twenty and no/100 ($1,920.00) dollars, should be paid to said party of the first part by the party of the second part, as and for all sums of money due or to become due by reason of, or on account of, said permanent disability. . . . ."

It is not such an agreement as was construed in *Forkas v. International Silver Co.*, 100 Conn. 417, 123 Atl. 831, cited in the majority opinion, for therein the promise is recited as "the promise to pay . . . . is unconditional."

It is a simple agreement as to the facts and the amount that should be awarded under the facts and the law, and, when approved, constituted simply an award as contemplated by C. S., sec. 6263, for under C. S., sec. 6263, "if the compensation is not settled by agreement," a hearing is had for the same purpose. Under C. S., sec. 6271, a certified copy of a memorandum of agreement approved by the board may be, as any other award, filed in the district court and enforced therein. Under C. S., sec. 6269, the board has authority, on the ground of a change of conditions, to end, diminish or increase compensation previously "agreed upon or awarded," but not to change compensation thertofore fixed by commutation under C. S., sec. 6240. C. S., sec. 6274, provides for filing in the district court of a certified copy of the decision of the board ending, diminishing or increasing compensation, upon which the court shall revoke or modify its prior decree accordingly.

The main opinion entirely disregards, and renders meaningless, the provision of C. S., sec. 6240, that the liability of "the employer for compensation" may be commuted to one or more lump sums, in which commutation "The probability of the beneficiary's death before the expiration of the period which he is entitled to compensation *shall be determined* . . . . The probability of the happening of any other contingency affecting the amount or duration of the compensation shall be disregarded."

I do not agree that compensation for the loss of an eye or any other member of the body, under C. S., sec. 6234, is allowed as for loss or damage. It is allowed "in addition to all other compensation" upon the basis of a fixed loss of efficiency, otherwise a permanent partial disability, for it is allowed in addition to what might be an allowance of temporary total or partial disability due to the time lost in curing the injury. When the employee has recovered

from the injury, the compensation, under C. S., sec. 6234, is for a permanent partial disability. In fact, the parties in the agreement so treat of it and recite it no less than three times as "a permanent disability."

I cannot agree that the compensation in this case is intended as for damage on any basis of damage as such understood in the old common-law action. The fact that it is given regardless of negligence or blame completely negatives consideration of it as damages, but it is compensation for incapacity definitely fixed, and can only endure during the life of the employee. The whole spirit of the act denies damages, but gives compensation on a basis of loss of efficiency.

The provisions of C. S., sec. 6240, for commutation, with the further provision of C. S., sec. 6269, that payments thus commuted to a definitely fixed present amount payable shall not be subject to modification, lead me to believe that no vested right in an uncommuted, although otherwise determined, compensation was intended, or can be held to exist under the act. I am satisfied to base my dissent, so far as citing authorities is concerned, upon *Wozneak v. Buffalo Gas Co.*, 175 App. Div. 268, 161 N. Y. Supp. 675.

I am authorized to state that Mr. Justice Givens concurs in this opinion.

Petition for rehearing denied.