## INDUSTRIAL COMM v MURPHY

Ohio Appeals, 4th Dist, Athens Co

Decided Sept 30, 1931

Messrs. Gilbert Bettman, A. G., R. R. Zurmehly, Assistant A. G., Columbus, and John W. Bolin, Athens, prosecuting attorney, for plaintiff in error.

Messrs. Woolley and Rowland, Athens, for defendant in error.

## MAUCK, PJ.

The more important question is raised as to whether the Court of Common Pleas of Athens County had jurisdiction to entertain the appeal. §1465-90 GC is the particular section that gives to the Court of Common Pleas jurisdiction in appeals from the Industrial Commission. That section provides for filing an appeal "in the Common Pleas Court of the county in which the injury occurred". The plaintiff's petition alleged that Murphy was an employe of the Starr Jackson Mining Company in Athens County, and that he was injured in the course of his employment with that company. There is no further averment of venue. In its original answer the Industrial Commission admitted that the plaintiff was in the employ of the Starr Jackson Mining Company of Athens County. On the day of the trial, a year after suit had been filed, the defendant filed an amended answer in which it admitted that the plaintiff was in the employ of the Starr Jackson Mining Company but omitting therefrom the admission in reference to Athens County. On the trial the plaintiff testified that his injury occurred in Athens County but the weight of the testimony is that the plaintiff was actually in Hocking County when he sustained the injuries of which he complained. The Industrial Commission sought a non-suit in the Common Pleas on the ground that that court had no jurisdiction of the appeal.

In **Industrial Commission v Ware, 8 Oh Ap 460,** the Court of Appeals of Hamilton County held that the language of the statute authorizing the filing of an appeal in the Common Pleas Court in the county in which the injury was inflicted was jurisdictional. In that case the injury occurred outside the State of Ohio and the court determined that as jurisdiction was only conferred upon the court of the county where the injury was inflicted no appeal could be prosecuted if the injury was suffered outside the state. The Supreme Court reversed this judgment by journal entry, holding in effect that altho the injury occurred outside the state the Court of Common Pleas of Hamilton County had jurisdiction of the subjectmatter. **Ware v Industrial Commission, 98 Oh St 458.** This decision of the Supreme Court was interpreted by the Court of Appeals of Hamilton County to be that the Supreme Court held that the provisions of §1465-90 referred to were of a directory and not mandatory character.

This court is of the view that the phrase in question prescribes the venue of the case and not the jurisdiction of the court. All Courts of Common Pleas have jurisdiction to review on appeal the awards of the Industrial Commission. The venue of a particular appeal is the county in which the injury occurred if it occurred at all in Ohio. The distinction between jurisdiction and venue is pointed out in **Loftus v Pennsylvania Railroad Co, 107 Oh St 352.** The venue of an action can be waived. **27 R. C. L. 783, Railroad Co v Morey, 47 Oh St 207, Klein v Lust, 110 Oh St 197.**

The Industrial Commission made no timely objection to the trial of the case in the County of Athens rather than in Hocking County, and by pleading to the merits of the case waived its right to subsequently raise that question.

Judgment affirmed.

MIDDLETON and BLOSSER, JJ, concur.