(No. 6735. October 24, 1940.)

RUTH THACKER, as Administratrix of the Estate of HAROLD W. THACKER, Deceased, Respondent, v. JEROME COOPERATIVE CREAMERY, a Corporation, and STATE INSURANCE FUND, Appellants.

[106 Pac. (2d) 863.]

Clarence L. Hillman, for Appellants.

E. B. Smith, for Respondent.

GIVENS, J.—Harold W. Thacker, employed by appellant Jerome Cooperative Creamery, with the state insurance fund its insurance carrier, received an accidental injury concededly arising out of and· in the course of his employment, September 16, 1931, and was paid compensation as for total temporary disability and for permanent partial disability estimated at 99 per cent of thirty weeks at the rate of $10.27 per week, computed on the basis of loss of function of one leg equal to twenty per cent of the loss as compared to amputation thereof at the knee joint under sec. 43–1113, I. C. A. During December, 1934, the resultant condition of his leg necessitated amputation just above the knee at a point approximately between the distal end of the femur and the proximal end thereof, that is between the knee and the thigh, at a point above the knee leaving a stump sufficient to permit the use of an artificial limb.

Mr. Thacker died about an hour after the operation, and his widow, respondent, as administratrix of his estate petitioned the Industrial Accident Board to award her compensation as specified in sec. 43–1113, I. C. A., i. e., $10.27 for

a period of 99 per cent of 150 weeks commencing December 7, 1934. The specific provisions of the statute being:

"In case of the following injuries the compensation shall be fifty-five per cent of the average weekly wages, but not more than the weekly compensation provided in section 43–1110, in addition to all other compensation, for ninety-nine per cent of the periods stated against such injuries respectively, to wit:

For the loss of:      For the following number of weeks:

. . . . . . . . . . . . . . . .

One leg at or above the knee where stump remains sufficient to permit the use of an artificial limb.......150"

■■ The board denied the petition, whereupon the respondent appealed to the District Court in and for Minidoka County which granted compensation.

The first assignment of error is that the appeal should have been taken to Jerome county on appellants' contention the accident occurred in Jerome county and that consequently the district court in Minidoka county did not have jurisdiction (sec. 43–1409, I. C. A.) and dismissal is asked.

The objection by the insurance fund is not well taken because the district courts are of general jurisdiction and the action was commenced in the district court by the filing of the appeal therein. If Minidoka county was not the proper county relief should have been by petition to have the cause transferred to the proper county. (Sec. 5–405, I. C. A.; McCarty v. Herrick, 41 Ida. 529, 240 Pac. 192; Central Illinois Public Service Co. v. Industrial Com., 293 Ill. 62, 127 N. E. 80; Industrial Com. v. Murphy, 41 Ohio App. 206, 180 N. E. 731.) This assignment is therefore without merit.

■ The only point on the merits is that because no award had been actually made to the deceased for the amputation of his leg prior to his death, compensation may not now be recovered by respondent. It is conceded that if deceased had lived he would have been entitled to the award as prayed for under section 43–1113 I. C. A. Section 43–1202, I. C. A., specifically provides that if no claim has been filed by the employee prior to his death a claim may be filed within one year thereafter, obviously recognizing that death does not bar recovery for compensation. (In re Nixon, (on rehear-

ing) 60 Ida. 64, 87 Pac. (2d) 1007.) Because the claim would be of no value unless an award could be made thereon, perforce therefore, if the claim may be made after death so may the award. The following pronouncement we deem expressively pertinent:

" . . . . The award does not fix the right to, only determines, the amount of the compensation for the injury. The right to the compensation is fixed by the statute, the amount is merely the administrative detail." (*City of Milwaukee v. Roth,* 185 Wis. 307, 201 N. W. 251, 252.)

This court has held that unpaid portions of compensation under section 43–1113, I. C. A., survive and no good reason has been presented why if part survive, it being conceded that if death had not ensued the whole amount would have been properly awarded, the whole thereof even if an award had not been made, would survive. (*Haugse v. Sommers Bros. Mfg. Co.,* 43 Ida. 450, 254 Pac. 212, 51 A. L. R. 1438; *Federal Surety Co. v. Pitts,* 119 Tex. 330, 29 S. W. (2d) 1046; *Leach v. Grangeville Highway Dist.,* 55 Ida. 307, 41 Pac. (2d) 618.)

Judgment affirmed.

Costs to respondent.

Ailshie, C. J., and Holden, J., concur.

Budge, J., did not participate.

Morgan, J., deeming himself disqualified did not sit at the hearing or participate in the opinion.