(No. 7017. February 3, 1943.)

PAT MAHONEY, as Administrator of the estate of Lloyd F. Linder, deceased, Respondent, v. CITY OF PAYETTE, Payette County, Idaho, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[133 Pac. (2d) 927.]

John T. Kenward, for appellant City of Payette, and Frank L. Benson, for appellant State Insurance Fund.

E. B. Smith for respondent.

GIVENS, J.—Lloyd F. Linder suffered a concededly compensable accident March 31, 1941, while in the employ of appellant City of Payette, resulting in a Colles fracture of his right wrist and a crushing of the left elbow joint and a fracture of the left humerus at the juncture of

the middle and lower third. June 10, his right wrist was surgically healed with, as determined by the board, residual permanent injury as compared to 5% amputation of the arm at the wrist. The left arm was progressively healing, when, June 14, 1941, Linder was drowned. Upon application by respondent, as administrator of Linder's estate, and after hearing, the board awarded compensation for the injury to Linder's left arm comparable to 50% loss of one arm midway between the elbow and the shoulder, being 125½ weeks compensation at $9.24 a week. Appellants contend that sufficient time had not elapsed following the injury and prior to Linder's death for the board to thus determine the extent of the injury to the left arm, and that the administrator is not the proper party to recover the compensation.

As we understand the admissions made upon oral argument, both parties concede the award falls under Sec. 43-1113, I. C. A. Proceeding, therefore, upon such mutual concession (without decision as to the correctness thereof), the disability is not to be determined as variably continuing, progressively healing, or eventually ceasing, but as being a fixed definite loss. The test, therefore, of change of condition could not apply. In other words, since appellants concede the injury falls within the special statute, we are to consider the award as though the arm had been amputated midway between the elbow and shoulder, in which event, as to the scheduled relief therefor, the award became liquidated damages in a final definite amount.

"It was in the nature of a judgment for liquidated damages for the loss of the eye, and the right to enforce payment survived." *Haugse v. Sommers Bros. Mfg. Co.*, 43 Ida. 450, at 456, 254 Pac. 212, 51 A. L. R. 1438.

And see *Barry v. Peterson Motor Co.*, 55 Ida. 702, 46 Pac. (2d) 77; *Thacker v. Jerome Cooperative Creamery*, 61 Ida. 726, 106 Pac. (2d) 863. The evidence was sufficient to justify *fixing* the award on this basis.

In both the Haugse and Thacker cases, supra, the situation was exactly the same with regard to the surviving of the award as liquidated damages, and recovery of the unpaid total or residue was granted to the administratrices. While the authority of the administratrices was not therein challenged, the awards, being liquidated damages, inured to the employe and not to his

dependents. The mere fact that the award herein, as in the Thacker case, supra, was made after the workman's death, does not affect the situation, because the only ground upon which such an award survives is that it was liquidated damages inuring to the benefit of the employe, becoming part of his estate, and, therefore, not compensation for disability which otherwise might cease with his death.[1] In other words, the award to survive must have been an award to the employe and the right thereto, though not determined fixed at the time of the accident and before his death. If the award is not under the special schedule, the authorities almost uniformly hold it does not survive; therefore, the dependents could make no claim. See authorities in note 1.

"One whose employment brings him within the scope and benefits of the Workmen's Compensation Law is entitled to compensation for loss of earning capacity due to injury by accident arising out of and in the course of his employment. And one who is dependent upon such employee, at the time of the accident, as provided by statute, if the employee dies as a result of the accident, is entitled to compensation for loss of support due to the death, but is not entitled to compensation for loss of earning capacity of the employee during his lifetime." *Rand v. Lafferty Transportation Co.*, 60 Ida. 507, at 510-11, 92 Pac. (2d) 786.

This award was therefore properly recoverable by the administrator.

"The unpaid part of the award belonged to the estate of Myra Fisk * * *: It was the exclusive duty of her administrator to collect it. * * * This duty was imposed upon him by general statute. He was the sole and only person legally authorized to collect it * * *." *State Insurance Fund v. Hunt*, 52 Ida. 639, at 645, 17 Pac. (2d) 354.

---

[1]Tierney v. Tierney & Co., 176 Minn. 464, 223 N. W. 773; In re Burns, 218 Mass. 8, 105 N. E. 601; Harrison v. Tierney Mining Co., 276 Ky. 637, 124 S. W. (2d) 757; Royal Coal Co. v. Arrowood, 285 Ky. 225, 147 S. W. (2d) 386; Swatek Const. Co. v. Williams, 177 Okla. 305, 58 Pac. (2d) 585; Rounds v. State Industrial Commission, 157 Okla. 145, 11 Pac. (2d) 479; Paramount Pictures v. Industrial Commission, 56 Ariz. 217, 106 Pac. (2d) 1024; Renfrow v. Caddo Parish Police Jury, (La. App.) 155 So. 291; Lahoma Oil Co. v. State Industrial Commission, 71 Okla. 160, 175 Pac. 836, 15 A. L. R. 817; notes, 15 A. L. R. 821; 24 A.L.R. 441; 29 A. L. R. 1426; 51 A. L. R. 1446; 87 A. L. R. 864; 95 A. L. R. 254.

And see Secs. 15-410[2] and 15-802,[3] I. C. A.

"The administrator is the official and legal representative and trustee of the heirs and creditors; and it is his duty to protect and conserve the estate." *Wiesenthall v. Goff*, (Ida.) 120 Pac. (2d) 248, at 251.

(*Holland v. Kelly*, 177 Cal. 507, 171 Pac. 421; *Riddle v. Isaacs*, 97 Ore. 404, 192 Pac. 398; In re Smith's Estate, 60 Mont. 276, 199 Pac. 696; *York v. American Nat. Bank of Silver City*, 40 N. M. 123, 55 Pac. (2d) 737; *Spencer v. Continental Casualty Co.*, 16 Cal. App. (2d) 176, 60 Pac. (2d) 339; *Bry-Block Mercantile Co. v. Carson*, 154 Tenn. 273, 288 S. W. 726; *Penny v. New Orleans Great Northern R. Co.*, 135 La. 962, 66 So. 313.) This was not in any sense a death claim under the Workmen's Compensation Act, or otherwise.

The disposition of this award and its exemption under Sec. 43-1502, I. C. A., is a question of distribution not collection; the latter, not the former, is now before us.

"At common law the administrator or executor was the legal beneficiary in all policies payable to the insured. * * * The policy descended to him. Our system differs, in that

[2]"15-410. Right of executor to real and personal estate—Actions for possession or title to real estate.—The executor or administrator is entitled to the possession of all the real and personal estate of the decedent, and to receive the rents and profits of the real estate, until the estate is settled, or until delivered over by order of the probate court to the heirs or devisees; and must keep in good tenantable repair all houses, buildings and fixtures thereon, which are under his control. The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate or for the purpose of quieting title to the same, against any one except the executor or administrator; but this section shall not be construed as requiring them so to do."

[3]"15-802. Possession of estate—Duty to take—Nature of possession.—The executor or administrator must take into possession all the estate of the decedent, real and personal, and collect all debts due to the decedent or to the estate. For the purpose of bringing suits to quiet title, or for partition of such estate, the possession of the executors or administrators is the possession of the heirs or devisees; such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator, for the purpose of administration as provided in this title."

personalty descends to the heirs, with a special interest in the administrator. But, so far as affects this question, the difference is purely ideal. In either case, the personal representative must collect and administer upon it. Although set apart under the statute, the money is administered upon, and until so set apart is a part of the estate." (In re Miller's Estate, 121 Cal. 353, 53 Pac. 906.)

In re Pillsbury's Estate, 175 Cal. 454, 166 Pac. 11.

The order is therefore affirmed. Costs awarded to respondent.

Holden, C.J., Budge and Dunlap, JJ., concur.

AILSHIE, J., concurring.

I concur in affirmance of the award, on the specific ground that the claim had arisen in favor of the employee prior to his death and therefore became an asset of his estate, which his administrator had a right to demand and collect. (Sec. 15-802, I. C. A.)