HOWELL *v.* BETHLEHEM-SPARROWS POINT
SHIPYARD, Inc.

[No. 170, October Term, 1947.]

706

*Decided June 16, 1948.*

*Rehearing denied July 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, and HENDERSON, JJ., and BAILEY, Circuit Judge, specially assigned.

*Maurice J. Pressman* for the appellant.

*Jesse Slingluff, Jr.*, with whom were *Michael P. Crocker* and *Marbury, Miller & Evans* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Walter F. Howell, an employee of Bethlehem-Sparrows Point Shipyard, Inc., was accidently injured December 6, 1945, when he was knocked down by an electric crane in the course of his employment at the shipyard at Sparrows Point. He worked there from December 11 to December 18, and then visited his parental home in Ironton, Ohio. He returned to the shipyard December 31, but was unable to do heavy work on account of injuries to his knees. In January, 1946, he filed a claim for workmen's compensation. On January 31 his knees were X-rayed

708

by the employer's physicians. In February he was treated in a hospital, and in March he spent two weeks in Ironton. He returned to work March 18. In May he took another vacation for two weeks. Finally on June 3 he was discharged. He remained in Baltimore, however, to await his hearing before the State Indusrtial Accident Commission. His case was heard on June 19. On June 25 he gavè up his room in Baltimore and returned to Ironton.

On July 18, 1946, the Commission awarded claimant compensation for temporary total disability and also for permanent partial disability resulting in 12½ per cent loss of use of his left leg. On July 30 he came to Baltimore to appeal from the award. The appeal was entered August 2 to the Superior Court of Baltimore City. After the transcript of the record was received, claimant filed his issues. The employer entered its appearance January 27, 1947, and on March 26 moved to dismiss the appeal for lack of jurisdiction. On May 1 that motion was denied for lack of evidence as to claimant's residence. Claimant's attorney struck out his appearance, and thereupon appearance was entered by his attorney on this appeal. On May 16 the employer requested claimant to make an admission that he had not resided in Baltimore since his discharge nearly a year before. The employer also took an appeal from the Commission's award to the Superior Court, and both appeals were set for trial November 12, 1947. Before the jury were sworn, claimant asked leave to incorporate his issues into the employer's appeal. The employer objected and asked leave to dismiss its own appeal. The Court permitted the employer to dismiss its appeal, and entered judgment in favor of claimant in the employer's appeal.

After the jury were sworn, counsel made their opening statements. Claimant then testified concerning his residence and his injuries. At this stage of the trial, before the arrival of an orthopedic physician, who had been called as a witness, the employer again moved to dismiss the appeal. The judge ruled that the Superior Court

did not have jurisdiction, since there was no conflict in testimony, and accordingly dismissed claimant's appeal. Claimant has appealed here from the dismissal of his employer's appeal and also from the dismissal of his own appeal.

The Maryland Workmen's Compensation Act provides that any employer, employee, beneficiary or person feeling aggrieved by any decision of the State Industrial Accident Commission may have it reviewed on appeal "in the Circuit Court of the county or in the Common Law Courts of Baltimore City having jurisdiction over the place where the accident occurred or over the person appealing from such decision." Code Supp. 1947, art. 101, sec. 57. This provision was enacted by the Legislature for the convenience of both employers and employees. As stated in *Brenner v. Brenner,* 127 Md. 189, 96 A. 287, the Court which has jurisdiction over the place where the accident occurred is in most instances the Court which has jurisdiction over the person appealing. That jurisdiction is also the one in which the witnesses usually reside, and where the evidence is most easily obtainable. The mere fact that the State Industrial Accident Commission sits in the city of Baltimore does not vest jurisdiction in any Court of Baltimore to review findings of the Commission on appeal. It is also established that if a workman is injured by an accident which occurred in one of the counties, he cannot appeal from a decision of the Industrial Accident Commission to one of the courts of Baltimore City over the employer's objection, unless he was a resident of Baltimore City at the time he entered his appeal. In *Bethlehem Steel Co. v. Traylor,* 158 Md. 116, 130, 148 A. 246, 73 A. L. R. 479, where an accident which caused the workman's death occurred in Baltimore City, and his widow, who appealed to the Baltimore City Court from an order of the Commission disallowing compensation, had been a resident of Virginia, but after her husband's death stayed for considerable periods of time at the house in Baltimore where she and her husband had lived, and she swore that

she intended to live and work in Baltimore, it was held that the evidence as to residence established the fact that the Baltimore City Court had jurisdiction of the appeal. In *Miller v. Bethlehem Steel Co.*, 160 Md. 657, 659, 660, 154 A. 555, 556, where the workman, a resident of Baltimore County, was injured in Baltimore County, but he appealed from the decision of the Commission to the Baltimore City Court, the Court of Appeals said: "To hold that the Baltimore City Court had jurisdiction to hear and determine the appeal from the Industrial Accident Commission, we would have to ignore the plain and simple provisions of the statute, as well as its object and purpose, for if it were within the power of the claimant in this case to appeal to the Baltimore City Court, there would seem to be nothing to prevent him from appealing to the Circuit Court for any county of the State." In *Board of Education of Harford County v. Reynolds*, 171 Md. 454, 189 A. 246, where the workman was killed in Harford County, and his widow appealed to the Baltimore City Court, it was held that the issue whether the claimant was a resident of Baltimore at the time she entered the appeal was a question of fact for the consideration of the jury.

In this case the Superior Court of Baltimore City did not have jurisdiction over the place where the accident occurred, since the shipyard at Sparrows Point is located in Baltimore County. Nor did the Superior Court have jurisdiction over the person appealing. Claimant, who was unmarried, rented a room on North Milton Avenue when he came to Baltimore in July, 1944, to work as a surveyor at the shipyard. While he declared that he was told that he might be called back to work not later than September, 1946, he admitted that he gave up his room in June, 1946, and took his only possessions, his automobile and radio, back to Ohio. He has had no living quarters in Baltimore since June, 1946. When he came to Baltimore to take an appeal from the award, he stayed at the Congress Hotel for three days, and after his appeal was filed he returned to Ironton, where he

has been living ever since. The evidence sustains the finding that he was not a resident of Baltimore at the time he entered his appeal to the Superior Court.

It is contended by claimant, however, that his employer, by entering general appearance in his appeal and also filing its own appeal from the award to the Superior Court, waived lack of jurisdiction. While the parties to a suit cannot by consent give a court jurisdiction of the subject matter where the court does not possess it without such consent, a court can by consent acquire jurisdiction over a person, since the place where the judicial authority may be exercised relates to the convenience of the litigants. The right to have a case heard in the court of proper venue is a personal privilege, and if it is lost by reason of the fact that it was not asserted seasonably, the trial court having jurisdiction, though not the proper venue, may render a judgment binding upon the parties. *Neirbo Co. v. Bethlehem Shipbuilding Corporation,* 308 U. S. 165, 60 S. Ct. 153, 84 L. Ed. 167, 128 A. L. R. 1437; *Freeman v. Bee Machine Co.,* 319 U. S. 448, 63 S. Ct. 1146, 87 L. Ed. 1509; *Industrial Addition Ass'n v. Commissioner of Internal Revenue,* 323 U. S. 310, 65 S. Ct. 289, 89 L. Ed. 260. This rule is applicable to an appeal from a decision of the State Industrial Accident Commission, especially since the Workmen's Compensation Act authorizes a change of venue on such appeals. Code Supp. 1947, art. 101, sec. 57.

In Massachusetts it has been held that a statutory provision that an action to recover for injury caused by negligence shall be brought in the county in which the plaintiff lives or has his place of business or the county in which the injury was received refers to venue, and does not give the Court the right to dismiss on its own motion for want of jurisdiction. Chief Justice Rugg said in that case: "Jurisdiction is a term of comprehensive import. * * * It embraces every kind of judicial action touching the subject of the action, suit, petition, complaint, indictment or other proceeding. It includes power to inquire into facts, to apply the law, to make

decision and to declare judgment. * * * Venue in its modern and municipal sense relates to and defines the particular county or territorial area within the state or district in which the cause or prosecution must be brought or tried. It commonly has to do with geographical subdivisions, relates to practice or procedure, may be waived, and does not refer to jurisdiction at all." *Paige v. Sinclair*, 237 Mass. 482, 130 N. E. 177, 178, 179.

Likewise, in Ohio, where a workman was injured in a mine near the boundary between Athens and Hocking Counties, and the workman appealed from a decision of the Industrial Commission to the Athens County Court, and it was discovered during the trial of the appeal that the accident had actually happened in Hocking County, it was held that, although the statute provided that any appeal from the Commission shall be taken to the Court of the County where the injury occurred, nevertheless the Commission, having failed to make timely objection to the trial in Athens County, waived its right to raise the question of venue subsequently. *Industrial Commission of Ohio v. Murphy*, 41 Ohio App. 206, 180 N. E. 731.

In this case the employer received information that claimant was a resident of West Virginia or Ohio. The employer challenged the jurisdiction of the Court on March 26, 1947, about seven months before the appeal was set for trial. The fact that the employer undertook to defend itself in the Superior Court did not operate as consent to the jurisdiction of the Court. It is true that a general appearance in an action at law amounts to a waiver by the defendant of his right to object thereafter to the jurisdiction of the court over his person. Where the defendant by special appearance challenges the jurisdiction of the Court because of his own non-residence, he knows whether or not he is a resident of the jurisdiction. But on an appeal of an employee from a decision of the Industrial Accident Commission, it may be difficult, sometimes impossible, for an employer to find out the employee's residence until testimony is pro-

duced at the hearing of the appeal. The Workmen's Compensation Act directs that the proceedings in every appeal from the Commission shall be informal and summary, and full opportunity to be heard shall be given before judgment is pronounced. Code Supp. 1947, art. 101, sec. 57. When the first motion to dismiss was overruled, the employer defended itself until testimony was produced concerning claimant's residence, and then the employer renewed its motion to dismiss. Nor did the fact that the employer took an appeal from the Commission's award preclude it from challenging the jurisdiction of the Court for claimant's appeal. For the validity of each appeal must be determined by the facts under the test laid down by the statute, and the Court below was not misled into an erroneous exercise of jurisdiction.

*Judgment in employer's appeal affirmed, with costs.*

*Judgment in claimant's appeal affirmed, with costs.*