358 P.2d 587

**ESTATE of Archie M. PETERSON, Deceased, per his widow, Samantha L. Peterson, Claimant-Respondent,**

v.

**J. R. SIMPLOT COMPANY, FOOD PROCESSING DIVISION, Employer, and Argonaut Insurance Company, Surety, Defendants-Appellants.**

No. 8919.

Supreme Court of Idaho.

Jan. 11, 1961.

Moffatt & Thomas, Boise, for appellants.

Elam & Burke, Boise, for respondent.

Creason & Creason, Rupert, for re-spondent.

SMITH, Justice.

November 23, 1958, Archie M. Peterson, employed by appellant employer, suffered fractures of the humerus and ulna, together with muscle and nerve involvement, of his right arm, caused by an accident arising out of and in the course of his employment. Appellants, employer and surety, admitted liability on Peterson's compensation claim duly filed with the Industrial Accident Board.

Peterson died September 25, 1959. The Board found that his death, independent of and unrelated to the accident, was caused by carcinoma, metastatically transplanted from the antecedent point of origin in the left lung.

Appellants paid Peterson compensation from the date of injury until his death occurred, and his medical and hospital expenses incurred during that time.

Physicians, who attended Peterson from the date of injury until about the middle

of April, 1959, diagnosed an anatomic interruption of the right ulnar nerve as having resulted from the severe fractures of the arm; but because of the malignancy, discovered during April, 1959, surgical repair of the injured nerve was postponed indefinitely.

An attending orthopedic surgeon reported his findings to appellant surety, and to the Board, relating to Peterson's injured arm, revealed by an examination made during April, 1959, as follows:

"At that time I felt the man [Peterson] had a permanent partial disability of 100% as compared to loss of the right arm at the shoulder. This is based on marked limitation of motion of the shoulder, the presence of an unhealed fracture of the right midhumerus, marked limitation of motion of the elbow and in pronation and suppination of the forearm and extreme limitation of motion of the wrist and small joint of the fingers. There is also a complete radial nerve palsy present."

The residual permanent injury, attributable to the accident, had not been determined as of the time of death.

Appellants, through the surety, in due time after Peterson's death, filed with the Board a summary of all payments made to and for Peterson's use, to the date of death, but without payment of, or agreement to pay, a determined sum as specific indemnity for permanent injury; and in the instrument of summary appellants, through the surety, petitioned the Board to approve the amounts paid, as the award, and to retire the file and close the case.

The Board, by its order denying appellants' petition, advised procedures designed to seek recovery on behalf of decedent's estate, and retained jurisdiction to determine the basis and extent of decedent's potential recovery. Appellants have appealed from such order.

Appellants contend that the Board erred in holding that Peterson suffered, or probably suffered, a permanent injury, and that a claim therefor survived his death.

■ The specific indemnity statute, I.C. § 72–313, provides in subparagraph (a): "An employee, who suffers a permanent injury less than total, shall, in addition to compensation, if any, for temporary total and temporary partial disability, be entitled to specific indemnity for such permanent injury * * *." Then follows the "Specific Indemnity Schedule," of total and partial losses of members of the body, and the number of payments to be made weekly, as specific indemnity for each such bodily loss; and provides in subparagraph (b): "In all other cases of permanent injury, less than total, not included in the above schedule, the compensation shall bear such relation to the period stated in the above sched-

ule as the disabilities bear to those pro-duced by the injuries named in the sched-ule."

In Mahoney v. City of Payette, 64 Idaho 443, 133 P.2d 927, 928, this Court recognized survival of a claim for specific indemnity where death occurred from a cause unrelat-ed to the industrial accident, before the workman's total temporary disability for work had ceased, and before an award had been made of specific indemnity for a re-sidual permanent arm injury.

Appellants argue that in the Mahoney case this Court "permitted the claim to survive" by virtue of admissions of both parties during oral argument that the permanent injury award fell under the spe-cific indemnity statute (then I.C.A. § 43–1113, now I.C. § 72–313), the Court having then observed that, proceeding upon such concession, "the disability is not to be de-termined as variably continuing, pro-gressively healing, or eventually ceasing." Clearly, such observation is descriptive of total disability which may be temporary in character, I.C. § 72–310, and partial temporary disability, I.C. § 72–312. The Court then ruled that the permanent injury is to be determined "as being a fixed definite loss," and continuing, ruled: "The test, therefore, of change of condition could not apply."

The orthopedic surgeon, by his report herein quoted, reccgnized that Peterson probably suffered a residual permanent in-jury of his right arm; and the findings and order of the Board are founded on that premise. Compensation for permanent in-jury less than total is governed by the spe-cific indemnity statute, I.C. § 72–313; and such constitutes the ruling of the Mahoney case. Appellants concede such legal effect by the statement appearing in their brief, "The question is simply, does a claim for permanent partial disability compensation survive the death of an injured employee, if the death is unrelated to the industrial accident and if the claim is based on a non-scheduled injury?"

The Mahoney case answers a portion of appellants' query, in that a claim for spe-cific indemnity for permanent injury sur-vives, though the cause of the workman's death is unrelated to the industrial accident.

We now proceed to appellants' remaining contention, that Peterson's permanent arm injury constituted a "non-scheduled injury" and, therefore, a claim for the specific in-demnity does not survive. We deem the statute and decisions of our State to be controlling of this issue.

Appellants argue, since Peterson did not sustain an actual loss named in the sched-ule, as by amputation of his right arm or portion, any permanent injury which he suffered, though comparable to a named loss, constitutes a non-scheduled injury which defeats survivability. This argu-

ment is answered in favor of survivability of the specific indemnity claim in a two-fold manner:

■ First, by Barry v. Peterson Motor Co., 55 Idaho 702, 46 P.2d 77, 78 in which case the workman suffered a permanent spine and kidney injury caused by an industrial accident. This Court held that the schedule of specific indemnities payable for losses of the various members of the body, "and all other cases in this class," as then provided by I.C.A. § 43-1113, did not include such permanent injury because, "The * * * injury here not being connected with any of the portions of the body members or organs mentioned in sec. 43-1113 does not fall within that class of injuries * * *." The legislature later amended I.C.A. § 43-1113 to provide that in all cases of permanent injury not included as named injuries in the specific indemnity schedule "the compensation shall bear such relation to the amount stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule." Idaho Sess.Laws 1937, ch. 241, § 2, incorporated in the present specific indemnity statute, I.C. § 72-313. The 1937 amendment provides a method of computation of specific indemnity for *all* permanent injuries less than total caused by accidents arising out of and in the course of employment, whether actual or comparable losses of the named body members. Thus, all such losses constitute permanent injuries included with-

in the purview of the specific indemnity schedule, I.C. § 72-313. Barry v. Peterson Motor Co., supra, and Mahoney v. City of Payette, supra, support this view.

■ Second: Specific indemnity, for permanent injury less than total, is payable "in addition to compensation, if any, for temporary total and temporary partial disability." Idaho Sess.Laws 1949, ch. 212, § 3, amending the specific indemnity statute, I.C.A. § 43-1113, now I.C. § 72-313. Before such 1949 amendment, if the injury caused the loss or complete paralysis of both feet, both hands, or of one hand and one foot, loss of both eyes, or insanity,— such enumeration not be taken as exclusive, —the disability caused thereby was deemed to be total and permanent as provided by a special total permanent disability statute, I.C. § 72-310. And a permanent injury causing total disability, having been excepted from the specific indemnity statute by the 1949 amendment, likewise is governed by such special statute, I.C. § 72-310. Thus it is clear that specific indemnity for permanent injury less than total must be paid without limitation or condition "in addition to all other compensation." Haugse v. Sommers Bros. Mfg. Co., 43 Idaho 450, 254 P. 212, 213, 51 A.L.R. 1438.

In the Haugse case, the workman's death occurred after an award of specific indemnity for the loss of one eye by enucleation but before payment of the entire award.

This Court observed that the specific indemnity statute, then C.S., § 6234, provided for payment of the specific indemnity in addition to all other compensation, for the periods as stated against such injuries respectively, and then continued with the following announcement:

"  *   *   *  There is nothing in C.S., § 6234, or in the entire act, providing for a cessation of payments, for the loss of an eye by enucleation, on the death of the injured person. * * * The award was in accordance with the statute, and was unconditional; * *."

The Court then observed that *"Haugse's right to receive payment for his injury depended wholly on statute"* and that any agreement in the premises merely *recognized this right,* which the Court then ruled "was in the nature of a judgment for liquidated damages * * *, and *the right to enforce payment survived."* (Emphasis supplied.) See also: Thacker v. Jerome Cooperative Creamery, 61 Idaho 726, 106 P.2d 863, and Mahoney v. City of Payette, 64 Idaho 443, 133 P.2d 927.

▮ Survivability of a claim for specific indemnity for permanent injury is grounded upon actual or comparable loss or physical impairment, and not upon loss of earning power or capacity to work. This aspect of the workmen's compensation law is recognized in Kelley v. Prouty,

54 Idaho 225, 245, 30 P.2d 769, 777, as follows:

"  *   *   *  The Compensation Law also provides for specific indemnities for certain injuries, as set forth in section 43–1113 [now I.C., § 72–313], when disability for work by reason of the loss of the various members of the body enumerated is not to be taken in consideration. * * * But the general theory and spirit of the act, except for the specific indemnities set forth in section 43–1113, is to the effect that compensation is provided to make good the loss of the earning power or capacity to work on account of the injury. * * * in determining those specific indemnities the loss of earning power or capacity to work is not to be considered."

See also Haugse v. Sommers Bros. Mfg. Co., 43 Idaho 450, 254 P. 212, 51 A.L.R. 1438; Leach v. Grangeville Highway Dist., 55 Idaho 307, 41 P.2d 618; Thacker v. Jerome Cooperative Creamery, 61 Idaho 726, 106 P.2d 863; Mahoney v. City of Payette, 64 Idaho 443, 133 P.2d 927.

The fact that an award of specific indemnity for Peterson's permanent injury had not been made when his death occurred does not affect the right of survivability of the claim. In Thacker v. Jerome Cooperative Creamery, supra, the workman died before the award of specific in-

**126**

demnity for the permanent injury. This Court in ruling in favor of survivability of the claim quoted with approval from City of Milwaukee v. Roth, 185 Wis. 307, 201 N. W. 251, as follows:

"'* * * The award does not fix the right to, only determines, the amount of the compensation for the injury. The right to the compensation is fixed by the statute, the amount is merely the administrative detail.'" [61 Idaho 726, 106 P.2d 865.]

And continuing in the Thacker case, this Court made the following announcement:

"This court has held that unpaid portions of compensation under Sec. 43–1113, I.C.A., [now I.C., § 72–313] survive and no good reason has been presented why if part survive, it being conceded that if death had not ensued the whole amount would have been properly awarded, the whole thereof, even if an award had not been made, would survive. [Citations.]"

See also Mahoney v. City of Payette, supra, to the same effect.

We deem appellants' assignments of error to be without merit.

The order of the Industrial Accident Board is affirmed. Costs to respondent.

TAYLOR, C. J., and KNUDSON, Mc-QUADE and McFADDEN, JJ., concur.