THE STATE OF MONTANA, EX REL., GLACIER GENERAL ASSURANCE COMPANY, PETITIONER, v. THE DISTRICT COURT OF THE FOURTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF MEAGHER, NAT ALLEN, JUDGE, RESPONDENT.

No. 10740

Submitted February 5, 1964. Decided June 10, 1964.

Rehearing denied July 1, 1964.

393 P.2d 54

Erwin L. Anzjon (argued), Missoula, for petitioner.

Richard J. Conklin (argued), White Sulphur Springs, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding in which the relator seeks a writ of prohibition to prohibit the District Court of the Fourteenth Judicial District from hearing an appeal from a decision of the Industrial Accident Board on a claim. We issued an Order to Show Cause as to why a Writ of Prohibition should not issue, return was made and the matter was argued.

The facts and circumstances giving rise to this proceeding are: The claimant was injured in Sanders County, on July 31, 1961. His employer. now deceased, was John Gray whose place of business was either in Missoula or Sanders County; but in any event not in Meagher County.

The claimant filed a claim and was awarded compensation and medical benefits for some 30 weeks. On July 16, 1963, a hearing was held by the Industrial Accident Board in White Sulphur Springs. As a result of the hearing, the claimant was awarded further medical and hospital treatment if required but denied further benefits at that time, and by virtue of the provisions of R.C.M.1947, section 92-830, the Board retained continuing jurisdiction. The Board made its order on August 26, 1963, and a petition for rehearing was filed and denied. The claimant, being dissatisfied, then filed an appeal in the District Court of the Fourteenth Judicial District in Meagher County.

A hearing on the appeal was set for November 5, 1963. Just prior to the hearing on the appeal, a motion to dismiss the appeal was filed. The appeal was heard on November 5th, and additional evidence was introduced by the claimant over objection. At that time the court ordered that the defendants' motion to dismiss be submitted on briefs.

Thereafter the motion to dismiss was denied and this original proceeding instituted.

The grounds of the motion to dismiss were that the district court lacked jurisdiction in that the claimant was injured in Sanders County, not in Meagher County; that the employer had his place of residence in either Missoula County or Sanders County and not in Meagher County; and that the employer was an individual and not a corporation. Thus it was contended that R.C.M.1947, § 92-833, excluded or precluded the district court sitting in Meagher County to hear an appeal.

At the presentation of the petition before this court, it was made to appear that the identical problem on motions to dismiss appeals in industrial accident cases is being determined different from district to district in our courts. We made an Order to Show Cause as to why a Writ of Prohibition should not issue prohibiting further action in the appeal. We also stayed further proceedings pending our decision.

A return was made and oral argument had.

R.C.M.1947, § 92-833, provides:

"Within thirty days (30) after the application for a rehearing is denied, or, if the application is granted, within thirty days (30) after the rendition of the decision on the rehearing, and within twenty days (20) after notice thereof, any party affected thereby *may appeal to the district court* of the judicial district of the state of Montana, *in and for the county* in said state wherein the accident or injury occurred or the employer may have his place of residence, or if such employer be a corporation, may have its principal office or place of business, and said appeal shall be for the purpose of having the lawfulness of the original order, decision, or award, or order, decision or award on rehearing inquired into and determined." (Italics supplied.)

Our question is whether, under section 92-833, the District Court of Meagher County had appellate jurisdiction to hear the appeal; or put another way, do the provisions of the statute as

to place of an appeal have to do with jurisdiction as such, or venue? If it be jurisdiction, the motion to dismiss should have been granted. If it be venue, no timely motion for change of venue having been made, the motion to dismiss should have been denied.

The district court ruled the matter one of venue and cited Thacker v. Jerome Co-Op. Creamery, 61 Idaho 726, 106 P.2d 863, as authority.

Article VIII, § 11, of the Constitution of Montana provides for jurisdiction of district courts, as to *appellate* jurisdiction, the provision is:

"They shall have appellate jurisdiction in such cases arising in justices and other inferior courts in their respective districts as may be prescribed by law and consistent with this constitution."

Concerning appeal statutes, this court has held that the statutes must be strictly construed. (See Creek v. Bozeman Water Works Co., 22 Mont. 327, 331, 56 P. 362; State ex rel. Rosenstein v. District Court, 41 Mont. 100, 102, 108 P. 580; State ex rel. Albrecht v. District Court, 126 Mont. 178, 246 P.2d 1035).

In the latter case, State ex rel. Albrecht v. District Court, this court speaking through Mr. Chief Justice Adair, in a unanimous opinion interpreting the same statute, section 92-833, as to timeliness of appeal of workmen's compensation cases said:

"The provisions of such statute so fixing the time within which an appeal may be taken are mandatory and jurisdictional. * * *"

The court then issued a peremptory writ ordering that case dismissed because of lack of jurisdiction. The Albrecht case had to do with time of appeal. This case has to do with place, but we can conceive of no reason why any difference in the mandatory and jurisdictional features of the statute should or could be made.

Looking again at the provision in section 92-833 applicable here, which states that "any party affected thereby may appeal to the district court of the judicial district of the state of Montana, in and for the county in said state wherein the accident or injury occurred or the employer may have his place of residence * * *."

 Very clearly the Legislature has spelled out the jurisdiction of the appeal to district courts as to place as definitively as it has as to time, and the Albrecht case is controlling.

In Lind v. Lind, 142 Mont. 211, 383 P.2d 808, this court discussed the relationship between the Industrial Accident Board and the District Court on appeal. This court has consistently ruled in conformity with the legislative requirements. In the Lind case we held that jurisdiction did not lie in the district court to hear new evidence where the statute requires "for good cause shown" and no cause had been shown or attempted. Additionally, the discussion in the Lind case makes it clear that the district court sits as an appellate court in these cases; and its jurisdiction as such is that spelled out in the statutes. Attention is also called, as it was in the Lind case, that R.C.M. 1947, § 92-821, provides that the jurisdiction of the Board is "subject only to review *in the manner and within the time* in this act provided." (Emphasis supplied) The manner and time referred to is contained in part as shown above in section 92-833.

In Thacker v. Jerome, supra, the Idaho Court in the year 1940 did hold under very similar circumstances that the matter was one of venue and not of appellate jurisdiction. The Idaho statute has since been changed, but in any event as we have heretofore indicated, our interpretations have been to the contrary.

 In its return, the district court also makes the point that the remedy sought here, that of a Writ of Prohibition is not proper in that an adequate remedy of appeal from the

merits lies. As we have heretofore pointed out, the Motion to Dismiss was filed prior to the hearing on the merits and should have been ruled upon prior to determination of the cause. The procedure here is almost the same as that in the Albrecht case supra, and we shall not dwell upon it further.

Respondent also makes another point in asserting that the statutes should be "liberally" construed as set forth in section 92-838 in favor of the workman. We believe by what has been heretofore said concerning the clear unequivocal language of section 92-833 and our previous rulings in the Albrecht case, the statute is not open to more than one interpretation.

Although we have examined other authority cited in briefs of both petitioner and respondent, we shall not prolong this opinion by further discussion.

Let the Writ of Prohibition issue.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON and DOYLE concur.

MR. JUSTICE ADAIR dissenting:

The claimant was an injured workman. His home and place of residence was at White Sulphur Springs, in Meagher County, Montana.

On July 31, 1961, the claimant, while engaged in performing the duties of his employment in Sanders County, Montana, there met with an industrial accident resulting in serious and lasting injuries.

At the time of suffering his injuries the claimant was in the employ of John Gray, an individual.

The employer, John Gray, then had both a place of residence and a place of business in Missoula County, Montana. The employer Gray then also maintained a place of residence and also a place of business in Sanders County, Montana.

Thereafter the Industrial Accident Board of Montana, acting on a claim filed by the claimant awarded him compensation and medical benefits for 30 weeks.

On July 16, 1963. the Industrial Accident Board held a hearing on the claimant's claim at White Sulphur Springs, Meagher County, Montana, wherein the claimant then resided. Present at such hearing was the claimant and his lawyer both of whom then resided at White Sulphur Springs, Montana, and also present was counsel for the insurance carrier, Glacier Assurance Company, who then resided at Missoula, Montana.

Following this hearing of July 16, 1963, the Industrial Accident Board, on August 26, 1963, made an order awarding the claimant further medical and hospital treatment but denied him any further relief at that time.

The claimant then petitioned the Industrial Accident Board for a rehearing. This petition was denied by the Board whereupon the claimant filed a timely appeal in the District Court of the Fourteenth Judicial District of the State of Montana, in and for the County of Meagher, which appeal was set for hearing for November 5, 1963.

The insurance carrier filed a motion to dismiss claimant's appeal on the alleged grounds that the District Court of the Fourteenth Judicial District in and for the County of Meagher lacked jurisdiction and that the claimant's appeal should have been filed either in Sanders County where the claimant received his injuries or in Missoula County, or in Sanders County in both of which counties the employer John Gray, who had since died, had at times a place of business and also a place of residence.

The district court denied the insurance carrier's motion to dismiss the appeal whereupon the insurance carrier successfully appealed to the Supreme Court for a Writ of Prohibition.

In Crawford v. Pierse, et al., 56 Mont. 371 at pp. 376, 377, 185 P. 315 at p. 318, this court said:

"Jurisdiction is the power to hear and determine the particular case presented for consideration, and to render such a judgment as the law authorizes in that case. * * *

"The district court is a court of general jurisdiction. It

therefore has power to hear and determine all classes of cases, except petty cases, of which justices of the peace and police courts are by the Constitution (article 8, § 11) given exclusive cognizance."

In my opinion the District Court of the Fourteenth Judicial District, in and for the counties of Meagher, Musselshell, Golden Valley and Wheatland, being a court of general jurisdiction at the outset had and it continued to have the power to hear and determine the timely appeal that claimant's counsel residing in Meagher County had filed in that county, and that should the insurance carrier have desired to have the appeal removed to Sanders County or to Missoula County or to any other county in the State of Montana, he should have filed a timely motion for a change of venue and transfer of the cause to the District Court of such other county as the insurance carrier's counsel should favor and designate and this counsel failed to do.

Thacker v. Jerome Co-Op. Creamery, 61 Idaho 726, 106 P.2d 863 at p. 864, involved a petition of the claimant proceeding under the Workmen's Compensation Act of Idaho brought to recover compensation for the loss, in an industrial accident, of a workman's leg. There the Industrial Accident Board denied the claimant's petition. The claimant immediately appealed to the District Court in and for Minidoka County, Idaho, where a judgment was entered awarding compensation to the claimant whereupon the employer and the insurance carrier both appealed to the Supreme Court of Idaho.

In the Supreme Court the employer and the insurance carrier asked for a dismissal of the appeal contending that the appeal should have been taken to the District Court in and for Jerome County where the accident occurred and contending further that the District Court in Minidoka County did not have jurisdiction in the cause.

The Supreme Court of Idaho found no merit in appellant's contentions and argument and said:

"The first assignment of error is that the appeal should have been taken to Jerome County on appellants' contention the accident occurred in Jerome County and that consequently the district court in Minidoka County did not have jurisdiction (Sec. 43-1409, I.C.A.) and dismissal is asked.

"The objection by the insurance fund is not well taken because the district courts are of general jurisdiction and the action was commenced in the district court by the filing of the appeal therein. If Minidoka County was not the proper county, relief should have been by petition to have the cause transferred to the proper county. Sec. 5-405, I.C.A.; McCarty v. Herrick, 41 Idaho 529, 240 P. 192; Central Illinois Public Service Co. v. Industrial Comm., 293 Ill. 62, 127 N.E. 80; Industrial Commission [of Ohio] v. Murphy, 41 Ohio App. 206, 180 N.E. 731. This assignment is therefore without merit."

So in the instant case if Meagher County was not the proper county relief should have been sought by making a timely motion for a change of venue to have the cause transferred from Meagher county where the claimant and his attorney reside to Sanders County where the accident occurred or to Missoula County where the employer John Gray, now deceased, resided and kept a place of business.

The granting of a change of venue to Sanders County or to Missoula County would have preserved the claimant's timely appeal which could have then been heard and determined by the district court to which the papers and files would be sent.

The procedure here approved in the majority opinion herein works a wholly unnecessary and unjust hardship upon the injured workman and destroys forever the workman's right to have his timely and proper appeal from the Industrial Accident Board's order of August 10, 1963, reviewed or determined. I respectfully register my dissent to the majority opinion in this cause.