## MICHAEL MILLER *v.* BETHLEHEM STEEL CO.
### [No. 12, April Term, 1931.]

*Decided April 30th, 1931*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Joseph W. Spector,* with whom was *Sidney M. Jacobs* on the brief, for the appellant.

*Marbury, Gosnell & Williams, George Weems Williams,* and *Boyd B. Graham,* submitting on brief, for the appellee.

Pattison, J., delivered the opinion of the Court.

The appellant, a resident of Baltimore County, filed with the State Industrial Accident Commission his claim against the appellee for injuries sustained by him, resulting from an accident occurring on the 7th day of August, 1928, at Sparrows Point, Baltimore County, Md., arising out of and in the course of his employment with the appellant company.

The State Industrial Accident Commission, after consideration, found that the claimant was temporarily totally incapacitated as a result of his injuries, and on the 15th day of August, 1928, awarded him compensation at the rate of $18 per week, payable to him weekly by the Bethlehem Steel Company, employer and self-insurer, during the continuance of his disability, subject to the provisions of the Workmen's Compensation Law. On the 25th day of January, 1929, the claimant filed a receipt acknowledging the payment to him by the Bethlehem Steel Company of the sum of $131.15 in settlement of all amounts due for compensation on account of the above mentioned award.

The claimant, on November 15th, 1929, filed a petition, alleging that he had suffered a permanent disability as a result of the injuries sustained by him, and asked that the case

be reopened that the nature and extent of his injury might be determined. After a hearing thereon, the commission by its order denied his petition, or refused to reopen the case, and from that order the claimant appealed to the Baltimore City Court. The appellee filed a motion therein to dismiss his appeal, limiting its appearance to the purposes of the motion. The court, after a hearing thereon, granted its motion and dismissed the appeal. It is from that order, dismissing the appeal, that the appeal to this court was taken.

The motion filed by the appellee in the Baltimore City Court to dismiss the appeal from the commission was upon the ground that the court was without jurisdiction to hear it.

Section 56 of article 101 of the Code of Public General Laws of this state provides that "any employer, employee, beneficiary or person feeling aggrieved by any decision of the commission affecting his interests under this article may have the same reviewed by a proceeding in the nature of an appeal and initiated in the Circuit Court of the County or in the Common Law Courts of Baltimore City having jurisdiction over the place where the accident occurred or over the person appealing from such decision."

The language of this statute is, we think, clear and specific as to the courts to which jurisdiction is thereby given to review, on appeal, the action of the State Industrial Accident Commission in any given case. It is either the court "having jurisdiction over the place where the accident occurred," or the court having jurisdiction "over the person appealing from such decision" of the commission.

In this case, the accident occurred in Baltimore County, and not in the city, and the Baltimore City Court was without jurisdiction over the person appealing, who was a resident of Baltimore County. To hold that the Baltimore City Court had jurisdiction to hear and determine the appeal from the Industrial Accident Commission, we would have to ignore the plain and simple provisions of the statute, as well as its object and purpose, for if it were within the power of the claimant in this case to appeal to the Baltimore City

Court, there would seem to be nothing to prevent him from appealing to the circuit court for any county of the state.

As stated by this court in *Brenner v. Brenner*, 127 Md. 189, 96 A. 287, 288, in construing the section of the Code now before us, the object and purpose of this legislation was, "in cases of injury to employees, to provide a speedy and inexpensive method by which compensation might be made to them or those dependent upon them without the delay of long and tedious litigation, and at a minimum of cost." If persons and corporations were not restricted by the provisions of the statute and were allowed to appeal to far off courts of the state, it would, in some instances at least, defeat the above stated object and purpose of the statute. The court, we think, acted properly in dismissing the appeal, and the order appealed from will be affirmed.

*Order affirmed, with costs.*