## BOARD OF EDUCATION OF HARFORD COUNTY
### *v.* RUTH A. REYNOLDS
[No. 90, October Term, 1936.]

*Decided January 14, 1937.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Edwin H. W. Harlan,* for the appellant.

*Paul Berman,* with whom was *Frank F. J. Daily* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

By the judgment of the Baltimore City Court here appealed from, the decision of the State Industrial Accident Commission in favor of the Board of Education of Harford County, employer, against which a claim had been filed by Ruth A. Reynolds, widow of Chester L. Reynolds, deceased, was reversed.

Chester L. Reynolds, thirty-seven years of age, was

regularly employed by the State Roads Commission, but in May or June, 1935, was permitted to work on alternate weeks only, and during the time he was not engaged at his regular employment he sought other work in Harford County, where for several years he had resided with his wife and children. Apparently he was industrious and accepted any work he could secure, for during that summer he worked as a farm laborer, and also painted a school house for appellant at Coopstown, and did certain other small jobs for appellant upon some of the public school buildings of Harford County. In the latter part of August, 1935, the superintendent of the Board of Education of Harford County called to him in reference to some supplies left over from former work, and was asked by Reynolds for additional work. The county superintendent told him he could clean the yards of Mechanicsville and Hickory schools, but he did not wish this to interfere with his other employment, as the yards could be cleaned at odd times and Reynolds would be paid three dollars for each. On August 29th, Reynolds, assisted by his son, cleaned the yard of Mechanicsville school, for which he subsequently received three dollars. The evidence is susceptible of an inference that in doing this work he came in contact with poison ivy, which caused skin eruptions on his arms and legs, which condition rapidly grew worse, notwithstanding treatment which he received from a local physician, as well as hospitalization in Havre de Grace, and later in the Marine Hospital at Baltimore, where his death occurred on September 22nd, and from the medical testimony it could be found that there existed a causal connection between the poison ivy infection and his death. His dependent widow filed a claim with the State Industrial Accident Commission against appellant for compensation, asserting that his death was the result of an accidental personal injury sustained by him while in appellant's employ. The commission considered the claim upon these issues: (1) Whether or not the Board of Education of Harford County was the employer of the deceased em-

ployee at the time of alleged injury; (2) whether or not deceased was an independent contractor; (3) whether or not deceased received an accidental injury arising out of and in the course of employment; (4) whether or not death was the result of an accidental injury.

While its answer to the first issue was "Yes," it answered the second "Yes" and the third and fourth "No," and disallowed the claim. From that decision Mrs. Reynolds filed an appeal to the Baltimore City Court, where counsel for appellant appeared specially and filed a motion to dismiss the appeal, assigning as a reason therefor that the alleged accident happened in Harford County, and claimant, at the time of its happening, as well as at the time of filing the motion, was a resident of Harford County, and, the appeal in question not having been taken to the Circuit Court of that county, the Baltimore City Court was without jurisdiction to hear the case. Treating that motion as a plea, claimant filed a demurrer thereto which was overruled, whereupon she filed a replication to the same, with the request that the issue thereby raised as to her residence be tried before a jury.

From what this court said in *Owners' Realty Co. v. Bailey*, 153 Md. 274, 278, 138 A. 235, concerning sections 39 and 56 of article 101 of the Code, formal pleadings of this character have no place in proceedings before the State Industrial Accident Commission nor upon appeal from its decisions. Moreover, by section 56 of article 101, Code Pub. Gen. Laws (Supp. 1929), repealed and re-enacted by Laws 1935, ch. 545, it is provided that "any employer, * * * beneficiary or person feeling aggrieved by any decision of the Commission affecting his interests * * * may have the same reviewed by a proceeding in the nature of an appeal and initiated in the Circuit Court of the county or in the Common Law Courts of Baltimore City having jurisdiction over the place where the accident occurred or over the person appealing from such decision. * * * Upon the hearing of such an appeal the Court shall, upon motion of either party filed with the Clerk of the Court according to the

practice in civil cases, submit to a jury any question of fact involved in such case." It is therefore obvious that whether the claimant, at the time she took the appeal, was a resident of Baltimore City, was a question of fact, which she was entitled to have a jury answer, and we feel these attempted pleadings were properly disposed of by the trial court in submitting to the jury two preliminary issues for it to answer, as to whether claimant at the time of filing the appeal was a resident of Baltimore City or of Harford County. It found from the evidence offered by her upon these issues, appellant having offered no testimony whatsoever, that she was a resident of Baltimore City, and in our judgment the evidence was sufficient to support that finding. The trial court thereupon overruled appellant's motion to dismiss the appeal for want of jurisdiction. The first and second exceptions, which were taken to the court's action in overruling this motion and submitting issues to the jury upon the question of plaintiff's residence, were therefore free from error. See, also, *Bethlehem Steel Co. v. Traylor,* 158 Md. 116, 130, 148 A. 246.

At the trial of the case in the Baltimore City Court, four issues were submitted to the jury, viz.: (1) Whether Chester L. Reynolds, the decedent, was employed as an independent contractor while working in the school yard at Mechanicsville on August 29th, 1935, and if the answer to that issue was in the negative, (2) Was Reynolds an employee of appellant on August 29th, 1935? (3) Did he sustain an accidental personal injury arising out of and in the course of his employment by appellant upon the date in question? (4) Whether his death was the result of an accidental personal injury arising out of and in the course of his employment on August 29th, 1935, by appellant.

The jury's answer to the first of these issues was "No," while to the second, third, and fourth, it was "Yes," and this brings us to the sixth exception, which relates to the rulings upon the prayers, all of which were offered by appellant. Its second prayer, which was refused, reads as

follows: "The Defendant, The Board of Education of Harford County prays the Court to instruct the jury that the undisputed evidence in the case shows that Chester L. Reynolds, deceased, was an independent contractor in trimming the school yard of the Mechanicsville school and that therefore the jury's answer to the first issue must be 'yes.'"

Ordinarily, whether at the time of his injury the status of Reynolds was that of an independent contractor would be a mixed question of law and fact, and therefore one for the jury to determine upon instructions from the court, but an exception to this rule exists when the facts and inferences to be drawn therefrom are undisputed, in which case the question becomes one of law to be decided by the court. In the late case of *Moore v. Clarke,* 171 Md. 187 A. 887, 890, Judge Offutt reviewed the decisions of this court upon the question, and in that opinion stated: "Where the facts are undisputed, and permit no inferences consistent with the existence of a supposed or asserted right, the existence of such right, wherever it arises, whether before the Commission, the trial court, or this court, is an unmixed question of law. If it were otherwise the rights of parties to proceedings under the statute would depend not upon the law but upon the unguided and unrestrained discretion of men." See, also, *Schemmel v. T. B. Gatch & Sons Contracting & Bldg. Co.,* 164 Md. 671, 675, 166 A. 39, and cases there cited.

In the present case the facts are undisputed, and in our judgment susceptible of no inference in support of appellee's contention that her husband was, at the time of sustaining his accidental injury, an employee of appellant. Reynolds contacted the poison ivy while cleaning the yard of Mechanicsville school, and this work was a separate, isolated and distinct undertaking which he agreed to do for three dollars, and, with the help of his son, he was able to complete the job in one day, but he accepted it with the understanding that it was not to interfere with his regular work, and could be done by him at odd times. In the execution of the contract Reynolds

not only furnished such help as he desired, but also the equipment used by him, and it is clear that the Board of Education of Harford County retained no right to control the manner in which Reynolds was to perform that service, an important test in determining whether he was an employee or an independent contractor. 71 *C.J.* 449-456, and authorities there cited; *Moore v. Clarke, supra;* 28 *R.C.L.* p. 762, par. 57.

The undisputed facts in the case and inferences deducible therefrom show that at the time of his accidental injury decedent was an independent contractor and not an employee, and, this being true, there remained no jury question, it being merely a question of law for the court to decide. We feel the appellant's second prayer should have been granted, and that its rejection was injurious, as well as erroneous.

In view of this conclusion, it becomes unnecessary to consider either appellant's other rejected prayers or remaining exceptions.

*Judgment reversed, without a new trial, with costs to appellant.*