968 A.2d 1075

**Thomas W. NODEEN, et ux.**

v.

**Anja SIGURDSSON.**

**No. 84 Sept.Term, 2008.**

Court of Appeals of Maryland.

April 7, 2009.

Michael E. Malone, Crofton; Richard D. Rosenthal (Tydings & Rosenthal, on brief), Baltimore, for Petitioners/Cross-Respondents.

John J. Condliffe (Shub–Condliffe, Condliffe & Silverstein, P.A., on brief), Towson, for Respondent/Cross-Petitioner.

Argued Before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, LAWRENCE F. RODOWSKY (Retired, Specially Assigned), and RAYMOND G. THIEME, JR. (Retired, Specially Assigned), JJ.

GREENE, Judge.

In this case, we must determine whether the Court of Special Appeals was correct in vacating the order of the Circuit Court for Calvert County. In response to a motion to transfer venue, the Circuit Court for Calvert County transferred the complaint of Anja Sigurdsson ("Mother"), to modify custody of her son, Wade Hampton Price, IV ("Wade"), to the Circuit Court for Anne Arundel County on the ground that Anne Arundel County was a more proper and convenient venue. We shall affirm the judgment of the Court of Special Appeals which held that the trial court erred when it transferred Mother's action to the Circuit Court for Anne Arundel County either on the grounds of improper venue or *forum non conveniens.*

## BACKGROUND

■ We adopt the facts as set forth by the Court of Special Appeals in its reported opinion, *Sigurdsson v. Nodeen,* 180

Md.App. 326, 950 A.2d 848 (2008). The intermediate appellate court recited the facts as follows:

This is an appeal from an order transferring a "complaint for modification of custody" of Wade Hampton Price, IV ("Wade") from the Circuit Court for Calvert County to the Circuit Court for Anne Arundel County. Wade was born in Anne Arundel County on June 1, 2004. Before his birth, his father, Wade Hampton Price, III ("Father"), died in a drowning accident. When Wade was born, his mother, Anja Sigurdsson ("Mother") was addicted to illegal drugs, and indeed tested positive for cocaine while at the hospital.

Wade was in Mother's custody in Anne Arundel County from his birth until December 2004. Beginning then, he was in the custody of Kealy Roderer, one of Wade's Father's sisters (i.e., a paternal aunt). Until May 2005, Roderer lived at various addresses in North Carolina and northern Virginia. From May 2005 forward, she was living in northern Virginia with her sister, Janey P. Nodeen, and Janey's husband, Thomas W. Nodeen. The Nodeens also are Wade's paternal aunt and uncle.

On December 1, 2004, Mother executed a document agreeing to Roderer's having custody of Wade. The document was not submitted to a court for approval. On December 13, 2004, in the Circuit Court for Anne Arundel County, Roderer obtained an emergency ex parte custody order for Wade. In the same court, she sought legal and physical custody of Wade, against Mother. Eventually, for reasons not clear from the record, the Nodeens became Wade's custodians and intervened as plaintiffs in the custody case, and Roderer dropped her custody claim.

Mother's mother, Marianne Sigurdsson ("Grandmother"), also intervened in the custody case, as a defendant. Beginning in August 2005, Grandmother was given visitation with Wade. During her visits, she supervised visitation between Mother and Wade.

The custody case was tried in the Circuit Court for Anne Arundel County for five days in June of 2006. Mother was present for the trial. The primary adversaries for custody

of Wade were the Nodeens and Grandmother. Recognizing that she did not have a sufficient track record of sobriety to keep custody of Wade, Mother did not assert her custody rights and stipulated to the need for Wade to be in the custody of a third party. Thus, the real issue before the court was whether Wade should be in the custody of the Nodeens or Grandmother.

On July 11, 2006, the court awarded sole legal and physical custody of Wade to the Nodeens. It established a visitation schedule by which Mother and Grandmother would have Wade every other weekend; two non-consecutive weeks during the summer; and certain holidays. All visitation between Mother and Wade was to be supervised by Grandmother. Mother noted an appeal of the decision, but voluntarily dismissed the appeal before her brief was due.

As mentioned above, from Wade's birth through December 2004, when Roderer filed for custody, Mother was living in Anne Arundel County. In December 2004, she was living in Annapolis. In January 2005 and February 2005, she was living in Edgewater; and from June 2005 until February 2006, she was living in Glen Burnie. The record is unclear as to whether Mother still was living in Anne Arundel County when the case was tried in June 2006.

On June 6, 2007, eleven months after the Circuit Court for Anne Arundel County granted custody to the Nodeens, Mother filed, in the Circuit Court for Calvert County, a "Complaint for Modification of Child Custody Order." The complaint named the Nodeens as defendants and listed Mother's address as 3913 14th Street, Chesapeake Beach, a town in Calvert County. On October 15, 2007, Mother changed her address in the court's file to a Post Office Box in Owings, Maryland, which also is in Calvert County.

The Nodeens filed a preliminary motion to dismiss or to transfer, for improper venue, asserting that the modification complaint properly, or more conveniently, should be handled in the Circuit Court for Anne Arundel County. They alleged that Wade's primary residence for most of his life

had been Anne Arundel County or northern Virginia, never Calvert County; that, although their primary residence is in northern Virginia, they have a second home, which in fact is a yacht, that is harbored in Anne Arundel County, and where they and Wade spend many weekends[1]; that, since Wade's birth, Mother has lived at numerous locations, most of which are in Anne Arundel County; that the Anne Arundel County Child Protective Services Unit and the County Custody Evaluation Unit of the Circuit Court for Anne Arundel County had conducted investigations about Wade at the end of 2004 and in 2005; that Mother has another child with whom she has significant contact who lives with his father, Dana Winter, in Anne Arundel County, and Mr. Winter was a witness at trial in June 2006; and that Mother's father (from whom Grandmother is divorced) lives in Anne Arundel County.

In opposition to the motion to dismiss or transfer, Mother argued that Wade's connections to Anne Arundel County are tenuous; that he was not currently living there, but in northern Virginia; and that only her current residence, in Calvert County, not her prior residences elsewhere, was relevant to the issue of venue. She further argued that Md.Code (1957, 2006 Repl. Vol., 2007 Cum. Supp.), section 6–202(5) of the Courts and Judicial Proceedings Article ("CJ"), controls venue in this case, and the only proper venue under that statute is Calvert County, where she lives. Moreover, under CJ section 6–202(5), Anne Arundel County is not a proper venue, as neither she nor Wade nor the Nodeens live there; and a circuit court is not authorized to transfer a case to a jurisdiction that is an improper venue. Alternatively, Mother argued that, even if there is venue in

---

**1.** As noted by the Court of Special Appeals, the Nodeens presented "no legal argument ... as to whether they, as non-residents of the State of Maryland, could be found to 'reside in' Anne Arundel County because they keep their boat there" and thus, waived this argument for purposes of appeal. *Sigurdsson v. Nodeen,* 180 Md.App. 326, 337, 950 A.2d 848, 854 n. 3 (2008).

Anne Arundel County, the balance of convenience weighed in favor of the case remaining in Calvert County.

*Sigurdsson,* 180 Md.App. at 331–34, 950 A.2d at 850–52 (footnotes omitted).

On September 20, 2007, the Circuit Court for Calvert County entered an order granting the Nodeen's motion to transfer venue to Anne Arundel County. There was no hearing. On appeal, the Court of Special Appeals vacated the order of the Circuit Court for Calvert County. The intermediate appellate court noted that the Circuit Court for Anne Arundel County had both jurisdiction and venue in the original custody action and had continuing jurisdiction over the July 11, 2006 custody order. It concluded, however, that Anne Arundel County was not an appropriate venue for the modification complaint because the modification complaint amounted to a new "action" within the meaning of Md.Code (1973, 2006 Repl. Vol.), § § 6–201 and 6–202 of the Courts and Judicial Proceedings Article.[2] When Mother filed the modification complaint the defendants did not reside, carry on a regular business, work, or habitually engage in a vocation in Anne Arundel County. Accordingly, the intermediate appellate court held that Anne Arundel County was not an appropriate venue whereas Calvert Coun-

---

2. Md.Code (1973, 2006 Repl. Vol.), § 6–201 of the Courts and Judicial Proceedings Article provides:

(a) *Civil actions.*—Subject to the provisions of §§ 6–202 and 6–203 of this subtitle and unless otherwise provided by law, a civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation. In addition, a corporation also may be sued where it maintains its principal offices in the State.

Md.Code (1973, 2006 Repl. Vol.), § 6–202 of the Courts and Judicial Proceedings Article provides:

In addition to the venue provided in § 6–201 or § 6–203, the following actions may be brought in the indicated county:

. . .

(5) Action relating to custody, guardianship, maintenance, or support of a child—Where the father, alleged father, or mother of the child resides, or where the child resides . . .

Md.Code (1973, 2006 Repl. Vol.), § 6–203 of the Courts and Judicial Proceedings Article provides exceptions to the general venue rules, none of which are applicable to this case.

ty, where mother resided and filed her complaint, was an appropriate venue under § 6–202 of the Courts and Judicial Proceedings Article. In pertinent part, the Court of Special Appeals reasoned:

> A custody case is a civil action. Because a court that has issued a final custody order has continuing jurisdiction, a party to the action may request, by motion, that the court modify its order.

> \* \* \* \*

> It is implicit in our holding in *Struzinski*,[3] that, once a final custody order has been issued by a court, an application to modify custody may be made in that same court, by motion, or in another court having jurisdiction and venue, by bringing a new custody action. In either situation, the decision whether to modify is governed by the material change in circumstances and best interest standards. Thus, in the case at bar, the fact that the Circuit Court for Anne Arundel County already had exercised jurisdiction over the issue of custody of Wade, and that it had continuing jurisdiction over its custody order for Wade, did not preclude Mother from filing a new action, in another circuit court, to modify custody.

> That is what Mother did, by means of filing her "Complaint for Modification of Child Custody Order" in the Circuit Court for Calvert County. Venue was proper in that court and, just as in *Struzinski*, venue no longer was proper in the original court that had issued the custody order now sought to be modified. It was legal error, therefore, for the court to transfer the case to the Circuit Court for Anne Arundel County, either on the basis of improper venue, or *forum inconveniens.*

*Sigurdsson*, 180 Md.App. at 344–46, 950 A.2d at 858–59.

The Nodeens petitioned this Court for certiorari, and we granted the petition. *Nodeen v. Sigurdsson*, 406 Md. 112, 956

---

**3.** The full cite for this case is *Struzinski v. Butler*, 24 Md.App. 672, 332 A.2d 713 (1975).

A.2d 201 (2008).[4]

## DISCUSSION

The Nodeens request that we reverse the judgment of the Court of Special Appeals. They contend that §§ 6–201 to 6–203 of the Courts and Judicial Proceedings Article and Maryland Rule 2–327(c)[5] did not prohibit the Circuit Court from transferring Mother's complaint to modify custody to the Circuit Court for Anne Arundel County. The Nodeens posit that the "unless otherwise provided by law" language contained in § 6–201 of the Courts and Judicial Proceedings Article[6] enables a court to transfer a custody modification complaint "to the county of original jurisdiction irrespective of the lack of residence of the parties and child in that original county." In support of this theory, the Nodeens direct the Court's attention to Md.Code (1984, 2006 Repl. Vol.), § 1–201(b)(4) of the Family Law Article, which provides that a

---

4. The petition presents the following questions for review:
   1. Does Maryland Rule 2–327(c) prohibit the change of venue for convenience of the parties and witnesses and in the interest of justice from the Circuit Court for Calvert County, where Mother resides, to the Circuit Court for Anne Arundel County, where the case had previously been tried and custody granted the Custodians, albeit that the Custodians, Mother, and minor child no longer reside in Anne Arundel County?
   2. If a party, Mother in this proceeding, may file a complaint to modify custody in the Circuit Court for Anne Arundel County, the original site of the custodial order, does Maryland Rule 2–327(c) preclude the Court from transferring the complaint for modification of the custody order from Calvert County to the court of original decision, Anne Arundel County, where no party nor the minor child resides in the county to which the case is transferred?

5. Maryland Rule 2–327(c) provides: "Convenience of the parties and witnesses. On motion of any party, the court may transfer any action to any other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice."

6. Section 6–201(a) of the Courts and Judicial Proceedings provides that: "Subject to the provisions of §§ 6–201 and 6–203 of this subtitle and *unless otherwise provided by law*, a civil action shall be brought in the county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation...." (emphasis added).

court that issued a custody decree may "from time to time, set aside or modify its decree or order concerning the child."

The Nodeens also argue that the trial court did not abuse its discretion in transferring the case to Anne Arundel County "for the convenience of the parties and witnesses" and "to serve the interests of justice" because: 1) Mother has lived at numerous locations since Wade's birth, most of which are in Anne Arundel County; 2) the Custody Evaluation Unit of the Circuit Court for Anne Arundel County conducted investigations about Wade at the end of 2004 and in 2005; and 3) two potential witnesses, Mother's father and the father of Mother's child, live in Anne Arundel County. The Nodeens conclude that "Mother's new choice of residence cannot be allowed to trump the interests of the witnesses, [the Nodeens], and the court system."

Mother contends that the judgment of the Court of Special Appeals should be upheld. She posits that she filed her complaint in the only venue appropriate under the Maryland venue statutes, as set forth in Md.Code (1973, 2006 Repl. Vol.), §§ 6–201 to 6–203 of the Courts and Judicial Proceedings Article. Mother argues that when filing her complaint, she justifiedly relied on § 6–202 of the Courts and Judicial Proceedings Article, which provides for supplemental venue.

In addition, Mother avers that the evidence that the Nodeens presented to the Circuit Court for Calvert County via their "Motion to Dismiss or Transfer Venue" was insufficient to permit a transfer of venue under Maryland Rule 2–327(c) because: 1) Mother has lived in Calvert County for most of her life and resides there now; 2) the Nodeens and Wade reside in Virginia and the Nodeens have no connections to Anne Arundel County other than a yacht that is docked there; 3) the two prospective Anne Arundel County witnesses referred to by the Nodeens (Mother's father and the father of Mother's child) are Mother's witnesses, not the Nodeens and; 4) the previous investigations conducted by the Custody Evaluation Unit of the Circuit Court for Anne Arundel County are

impertinent because the court that handles this action will be required to update the investigations.

The questions presented for our review concern the propriety of the Circuit Court for Calvert County's decision to grant the Nodeens' motion to transfer Mother's action to Anne Arundel County on the grounds that Anne Arundel County was "the proper and or more convenient venue." As an initial matter, we note that there can be more than one appropriate venue in which an action may be filed. When this is the case, a plaintiff is entitled to select the forum in which to bring his or her action. *Leung v. Nunes*, 354 Md. 217, 224–25, 729 A.2d 956, 959–60 (1999); *Wilde v. Swanson*, 314 Md. 80, 93–94, 548 A.2d 837, 843–44 (1988). The legal sufficiency of the forum selected is determined at the time of filing. *See* § 6–201 of the Courts and Judicial Proceedings Article (detailing the venues in which a civil action may be filed). In the instant matter, Mother filed her complaint in Calvert County, the county where she resided at the time of the filing and the county where she continues to reside. Calvert County was a proper venue in accordance with § 6–202 of the Courts and Judicial Proceedings Article, which specifically provides:

> In addition to the venue provided in 6–201 or 6–203, the following actions may be brought in the indicated county:
>
> . . .
>
> (5) Action relating to custody, guardianship, maintenance, or support of a child—Where the father, alleged father, or mother of the child resides, or where the child resides.

Next, we must consider whether the Circuit Court for Calvert County abused its discretion when it transferred Mother's complaint to the Circuit Court for Anne Arundel County on the basis of *forum non conveniens*. The doctrine of *forum non conveniens* is codified in Maryland Rule 2–327(c).[7] This Rule provides:

---

7. The term *"forum non conveniens"* and Maryland Rule 2–327(c) are used synonymously and interchangeably within this Opinion.

**Convenience of the parties and witnesses.** On motion of any party, the court may transfer any action to any other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice.

The Court of Special Appeals concluded that Mother's complaint could not be transferred to Anne Arundel County under this Rule, because Mother could not have filed her complaint in Anne Arundel County. The intermediate appellate court reasoned that although Anne Arundel County had continuing jurisdiction over its original custody order, Mother's complaint to modify the custody order amounted to a new action and Anne Arundel County was not a venue in which that action could have been filed. Our analysis, however, is different. The question is not whether Mother could have selected Anne Arundel County as the forum for pursuing a modification of the custody order, but whether the proponents of transferring the complaint to Anne Arundel County, actually, satisfied their burden of proof. Because Mother had the prerogative to select the forum in which to file her case, we disavow the Court of Special Appeals' conclusion to the contrary.

██ Mother clearly had a choice of venues to select from at the time she filed her case in Calvert County. Pursuant to Md.Code (1984, 2006 Repl. Vol.), § 1–201(b)(4) of the Family Law Article,[8] Anne Arundel County has continuing jurisdiction over its July 11, 2006 custody order. Section 1–201(b)(4) of the Family Law Article specifically authorizes a court that has exercised jurisdiction over the custody of a child to "from time to time, modify its decree or order concerning the child." *See also Berlin v. Berlin,* 239 Md. 52, 57, 210 A.2d 380, 382 (1965) (explaining that "when a custody decree is subject to modifica-

---

8. Md.Code (1984, 2006 Repl. Vol.), § 1–201(b)(4) of the Family Law Article provides:

> (b) *Custody, visitation, guardianship or support of a child.*—n exercising its jurisdiction over the custody, guardianship, visitation, or support of a child, an equity court may:
> (4) from time to time, set aside or modify its decree or order concerning the child.

tion for any reason," the jurisdiction of the awarding court continues notwithstanding the removal of the child to another jurisdiction). Because the Circuit Court for Anne Arundel County has continuing jurisdiction over its original custody decree, Mother could have filed for modification of custody in that court. In addition, the Circuit Court for Calvert County has general jurisdiction over custody matters and has venue in this case, because, at the time she filed her complaint, Mother satisfied the residency requirements of § 6–201 of the Courts and Judicial Proceedings Article.

Having established that Mother could have instituted proceedings in either Calvert or Anne Arundel County, our inquiry turns to whether the Circuit Court for Calvert County erred in transferring Mother's complaint from Calvert County to Anne Arundel County on the basis of *forum non conveniens*. A party who moves to transfer an action to an alternate forum under Maryland Rule 2–327, has the burden of demonstrating that the transfer to that forum better serves the interests of justice. *Odenton Development v. Lamy*, 320 Md. 33, 40, 575 A.2d 1235, 1238 (1990). When a trial court considers the motion, the court must employ a balancing test whereby it weighs the convenience of the parties and witnesses along with the interests of justice. *Id.* Although the court generally has wide discretion in deciding whether to grant the motion, it is an abuse of that discretion for the court to disturb a plaintiff's choice of venue when the balance does not weigh strongly in favor of the proponents of the transfer. *See Leung*, 354 Md. at 224, 729 A.2d at 959–60 ("Commentators on Rule 2–327(c) have recognized that 'due consideration must ... be given to the plaintiff's selection of forum, and this selection will not be altered solely because it is more convenient for the party moving to be in another forum.'") (quoting P.V. Niemeyer & L.M. Schuett, *Maryland Rules Commentary*, 215–16 (2d ed.)); *see also Cobrand v. Adventist*, 149 Md.App. 431, 439, 816 A.2d 117, 121 (2003) ("To simply call it a balancing test ... is in some regards ... misleading because [our decisions] make it clear that 'a motion to transfer should only be granted when the balance weighs strongly in favor of

the moving party.'") (quoting *Odenton,* 320 Md. at 40, 575 A.2d at 1238; *Urquhart v. Simmons,* 339 Md. 1, 18 n. 7, 660 A.2d 412, 420 n. 7 (1995); *Leung,* 354 Md. at 224, 729 A.2d at 959).

We hold that the Nodeens did not meet their burden of demonstrating that the interests of justice were better served by transferring Mother's complaint to Anne Arundel County. As noted above, the Nodeens and Wade are not residents of this State, they reside in Virginia. As Mother points out in her brief, Prince Frederick is only three miles further from the Nodeens' residence than Annapolis.[9] The fact that two of Mother's potential witnesses live in Anne Arundel County is of no apparent consequence. Moreover, while we understand that the Custody Evaluation Unit of the Circuit Court for Anne Arundel County previously conducted investigations regarding Wade, those investigations occurred at the end of 2004 and into 2005. As such, Mother correctly points out that the investigations will have to be reviewed and updated by the court that handles the instant matter.

The evidence presented simply does not support the Circuit Court for Calvert County's conclusion to transfer Mother's action to Anne Arundel County pursuant to Maryland Rule 2–327(c). When, "at best, the balancing of factors produces an equipoise, the plaintiff['s] choice of forum controls." *Leung,* 354 Md. at 229, 729 A.2d at 962. Accordingly, we hold that the Circuit Court for Calvert County erred in granting the Nodeens' motion to transfer. We affirm the judgment of the Court of Special Appeals for the reasons stated herein.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY THE COSTS.**

---

9. The Circuit Court for Calvert County is located in Prince Frederick and the Circuit Court for Anne Arundel County is located in Annapolis.