7 A.3d 1106

**Jeffrey LeCRONIER**

v.

**UNITED PARCEL SERVICE et al.**

**No. 02650, Sept. Term, 2008.**

Court of Special Appeals of Maryland.

Nov. 3, 2010.

Frank E. Trock (Almark, Rotter, Staff & Trock, LLP, on the brief) Baltimore, MD, for appellant.

Jennifer L. Watkins (Law Office of Jonathan P. Stebenne, on the brief) Baltimore, MD, for appellee.

Panel: EYLER, DEBORAH S., KEHOE, JAMES A. KENNEY, III, (Retired Specially Assigned), JJ.

KEHOE, J.

May a claimant aggrieved by a decision of the Workers' Compensation Commission seek judicial review in the circuit court for the county in which he or she is employed, in addition to the circuit courts for the counties in which he or she resides and in which the accident occurred? The Circuit Court for Baltimore City construed § 9–738 of the Workers' Compensation Act (the "Act"), codified as MD.CODE (1991, 2008 Repl.Vol.), LAB. & EMPL. § 9–101 *et seq.*, as providing that a worker cannot, and transferred the case to the Circuit Court for Anne Arundel County. We reach the opposite conclusion. Accordingly, we shall vacate the judgment entered against appellant, Jeffrey D. LeCronier, in the Circuit Court for Anne Arundel County and remand this case to that court with instructions for it to transfer this case to the Circuit Court for Baltimore City for a new trial.

This case arises from a workers' compensation claim filed by Mr. LeCronier against his employer, United Parcel Service, an

appellee.[1] Before this Court, appellant raises one issue, which we have slightly rephrased:

> Did the Circuit Court for Baltimore City err in granting appellees' motion to transfer venue to the Circuit Court for Anne Arundel County?

### FACTS AND PROCEDURAL HISTORY

Appellant alleged that he was injured on December 4, 2006 while training a tractor trailer driver for UPS in Harrington, Delaware. The injury developed into a serious medical condition. Appellant filed an employee's claim for benefits with the Workers' Compensation Commission ("Commission"). The record does not indicate the date of the filing of appellant's claim or the specifics of the claim itself.

On August 16, 2007, the Commission held a hearing regarding appellant's claim. On September 5, 2007, the Commission denied the claim on the basis that "the claimant did not sustain an accidental injury arising out of and in the course of employment."

On September 14, 2007, appellant filed a petition for judicial review of the Commission's decision in the Circuit Court for Baltimore City. He asserted, *inter alia*, "[t]hat the claimant, Jeffrey D. LeCronier, carries on regular business, is employed, and regularly engages in a vocation in Baltimore City, State of Maryland. This venue is proper with this Honorable Court." Appellant also filed an election for jury trial.

Appellee filed a motion to transfer venue to the Circuit Court for Anne Arundel County pursuant to LE § 9–738,[2]

---

1. There is another appellee, Liberty Mutual Insurance Company, UPS's workers' compensation insurance carrier. Since it asserts no interest in this matter different from UPS, we will refer to the appellees in the singular unless context requires precision.

2. Section 9–738 reads:

> **Venue.** (a) *Filing with circuit court.*—To take an appeal, a person shall file an order of appeal with the circuit court.
> (1) that has jurisdiction over that person; or

arguing that, as appellant's place of employment was located in Baltimore County, and his county of residence was Anne Arundel County, Baltimore City was not an appropriate venue. Appellee's motion stated that it was based on Maryland Rule 2–327(b) (improper venue) and Rule 2–327(c) (forum non conveniens).[3] The motion did not, however, present any grounds to justify transfer of the case on the basis of forum non conveniens. Appellant filed a response asserting, under oath, that he had been employed with UPS for 24 years, that he routinely went to Baltimore City to fulfill the terms of his employment, and that the UPS facility in which appellant primarily worked was located on both sides of the boundary line dividing Baltimore County from Baltimore City.

---

(2) for the county where the accidental personal injury, compensable hernia, or last injurious exposure to the hazards of the occupational disease occurred.

(b) *Transfer for lack of jurisdiction.*—If an appeal is taken to a circuit court that does not have jurisdiction, the court shall transfer the appeal to the proper circuit court on the motion of a party.

3. Maryland Rule 2–327 provides, in pertinent part:

**Transfer of action.**

\* \* \*

(b) **Improper venue.** If a court sustains a defense of improper venue but determines that in the interest of justice the action should not be dismissed, it may transfer the action to any county in which it could have been brought.

(c) **Convenience of the parties and witnesses.** On motion of any party, the court may transfer any action to any other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice.

Improper venue and forum non conveniens are distinct concepts. A party has a right to be sued only in the county or counties in which venue is appropriate according to Maryland's venue statutes, namely MD. CODE (1973, 2006 Repl.Vol.), CTS. & JUD. PRO. § 6–201– § 6–203. *Lampros v. Gelb*, 153 Md.App. 447, 452–53, 837 A.2d 229 (2003). However, even if an action is filed in an appropriate venue, it is nonetheless subject to transfer to another legally sufficient venue if the moving party demonstrates that transfer "better serves the interests of justice." *Nodeen v. Sigurdsson*, 408 Md. 167, 180, 968 A.2d 1075 (2009). A motion to transfer based upon forum non conveniens requires a court to "weigh[ ] the convenience of the parties and witnesses along with the interests of justice." *Id.* (internal citations omitted).

A hearing was held before the Circuit Court for Baltimore City on November 2, 2007. At the hearing, the parties argued substantively the same contentions presented in their motions, that is, appellee asserted that the provisions of LE 9–738 precluded Baltimore City as a venue and appellant argued that it did not because he was regularly employed and carried on business in the City. Appellee did not present an argument based upon forum non conveniens and the circuit court made it clear that it was not considering forum non conveniens as a ground for transferring the case.[4]

---

**4.** The relevant portions of the hearing transcript are:

THE COURT: Ms. Watkins [appellee's counsel], I think we're here on your Motion to Transfer as I recall.

 * * *

THE COURT: And we'll hear from you.

MS. WATKINS: All right, thank you Your Honor. We filed the Motion to Transfer Venue in this case **specifically pursuant to the Labor and Employment Code, Section 9–738** regarding proper venue of Workers' Compensation appeals. The statute specifically states under Subsections A and B that to take an appeal, a person shall file an Order of Appeal with the Court, 1) that has jurisdiction over that person, or 2) for the county where the accidental personal injury occurred. . . .

 * * *

MR. ROTTER [Appellant's counsel]: . . . . So there's no reason that's been established why his treatment, he had multiple surgeries, were done at Shock Trauma, here in Baltimore City. The majority of the witnesses from the medical standpoint if necessary, if that route becomes required—

THE COURT: **Well, we're not dealing with a convenience question,** we're just dealing with the Workmen's Comp. in terms of— '

 * * *

MS. WATKINS: I will just sum up Your Honor in stating that based on the statute that I pointed to originally, based on the case [*Howell v. Bethlehem–Sparrows Point Shipyard*, 190 Md. 704, 59 A.2d 680 (1948). (We will discuss *Howell* later in this opinion. Forum non conveniens was not an issue in that case.)] that I just cited to, that **based on the case and the statute** that this matter should be transferred to Anne Arundel County Circuit Court.

 * * *

I feel that if he does regularly conduct business in Baltimore City, there is a choice as to whether it can be brought where the [appellant] regularly conducts business or where the [appellant] resides. I would argue that we should transfer the case to where the [appellant]

During the course of the hearing, the circuit court asked appellee's counsel if appellee disputed whether appellant regularly conducted business [5] in Baltimore City; appellee's counsel replied, "[n]ot vigorously." The court concluded:

> The question is whether we have jurisdiction [6] over [appellant]. Yes, we have jurisdiction as to where he lives, but we also have jurisdiction over him as to where he regularly does business under the circumstances and the facts submitted. And it's properly in Baltimore City and the Motion to Transfer is denied.

On that same day, the circuit court issued an order denying the motion to transfer. On November 12, 2007, appellee filed a motion to reconsider judgment or, in the alternative, revise, alter or amend judgment arguing substantively the same arguments presented to the circuit court on November 2, 2007. While the motion for reconsideration again referred to Maryland Rule 2–327(c) and stated, in passing, that UPS conducted business in Anne Arundel County, none of the substantive arguments in the motion pertained to transferring the case on the basis of forum non conveniens. Appellant filed a response, presenting the same arguments raised at the hearing.

On December 6, 2007, the circuit court granted appellee's motion, without a hearing or explanation, and transferred the

---

resides because I feel that would be a stronger argument as opposed to where he regularly conducts business.
THE COURT: **Anything else?**
MS. WATKINS: **That will be all.**
(Emphasis added.)

**5.** While the motions court referred to appellant as "doing business" in the City of Baltimore, there is no question but that appellant was an employee of UPS.

**6.** Section 9–738 speaks of a circuit court that has jurisdiction over the person seeking judicial review. Jurisdiction is used in the statute in the sense of "territorial jurisdiction" or venue. *See, e.g. Eastham v. Young,* 250 Md. 516, 518, 243 A.2d 559 (1968) ("territorial jurisdiction or venue" contrasted with "fundamental or basic jurisdiction of the subject matter"). The circuit court clearly recognized this but used the term "jurisdiction" in order to be consistent with the statute.

petition for judicial review to the Circuit Court for Anne Arundel County.[7]

▪ The matter then proceeded to a jury trial conducted on January 6 and 7, 2009. The transcript of the trial is not included with the record. The jury found in favor of appellee. Appellant filed this timely appeal.[8]

### DISCUSSION

The issue in this case—whether the applicable statute permits Mr. LeCronier to pursue his petition for judicial review in the City of Baltimore—is purely legal. Therefore, we review the circuit court's decision *de novo. Payton–Henderson v. Evans,* 180 Md.App. 267, 276, 949 A.2d 654 (2008) ("The venue chosen by the plaintiff is either proper, as a matter of law, or it is not.")

The outcome of this case turns upon our construction of LE § 9–738. The statute reads, in pertinent part:

**Venue.** (a) *Filing with circuit court.*—To take an appeal, a person shall file an order of appeal with the circuit court:

 (1) that has jurisdiction over that person; or

---

**7.** The circuit court did not explain the basis for its ruling. However, appellee does not assert on appeal that the circuit court based its ruling on forum non conveniens or that the case should have been transferred on that basis.

**8.** While the court order granting the motion to transfer venue was immediately appealable by appellant, *Brewster v. Woodhaven Building,* 360 Md. 602, 617–18, 759 A.2d 738 (2000), he retained the right to forgo an immediate appeal and, instead, raise the issue on an appeal of the merits of the underlying case:

 Our holding that an order granting a transfer of venue from one circuit court to another is immediately appealable permits the party who opposed the order either to file an appeal from the order within 30 days of its entry, or to wait until the litigation has been completed in the transferee court and appeal from that court's final judgment on the ground that the case should not have been transferred.[ ] A decision to forego the immediate appeal does not prevent a party from raising the propriety of the transfer in the later appeal.[ ]

*Id.* (footnotes omitted); *see also Leung v. Nunes,* 354 Md. 217, 233–34, 729 A.2d 956 (1999).

(2) for the county where the accidental personal injury, compensable hernia, or last injurious exposure to the hazards of the occupational disease occurred.

Appellant asserts that LE § 9–738 must be read in conjunction with Maryland's general venue statute, CJ § 6–201(a).[9] He contends that, because he is regularly employed in Baltimore City, he can be sued in the City pursuant to CJ § 6–201(a). From that premise, he suggests that the City is a permissible venue for his petition for judicial review pursuant to LE § 9–738. Thus, the circuit court erred in transferring the case to Anne Arundel County.

Appellee contends that the circuit court did not err in transferring the case. It contends that the general venue provisions of CJ § 6–201 are explicitly subject to the proviso "unless otherwise provided by law." UPS posits that LE § 9–738 is such an exception. It argues that, as "the Court of Appeals has consistently found that the county that has jurisdiction over a person is the county in which the person resides . . . ," appellant's argument that the Baltimore City Circuit Court is a proper venue because he is regularly employed in the City is irrelevant. According to appellee, "the sole determination of the jurisdiction of a person in the context of determining venue of a Workers' Compensation appeal, is the county in which the person resides."

As we will explain, application of principles of statutory construction leads to the conclusion that, when the General Assembly enacted the statutory predecessor to LE § 9–738, it intended that a person aggrieved by a decision of the Commission could file an appeal in the county in which that person was employed or resided as well as the county in which the

---

9. Section 6–201(a) of the Courts and Judicial Proceedings Article reads:

Subject to the provision of §§ 6–202 and 6–203 of this subtitle and unless otherwise provided by law, a civil action shall be brought in a county where the defendant resides, carries on regular business, is employed, or habitually engages in a vocation. In addition, a corporation also may be sued where it maintains its principal office in the State.

accident took place. The relatively few decisions of the Court of Appeals construing the statute do not suggest to the contrary.

### (A) Statutory Construction

We begin our analysis by considering the language of the Act itself. LE § 9–737 authorizes the filing of a petition for judicial review by an "employer, covered employee, dependent of a covered employee, or any other interested person aggrieved by a decision of the Commission...." Section 9–738 provides that the various persons authorized to seek judicial review of a decision of the Commission may do so by filing an appeal "with the circuit court: (1) that has jurisdiction over that person; or (2) for the county where the accidental personal injury ... occurred."

The language of LE § 9–738 is problematic. Did the General Assembly's use of the singular—"the circuit court"—indicate that it intended that only one venue would be available to a person intending to file a petition for judicial review? If so, in light of the other venues listed in CJ § 6–201, how can courts determine which should be considered "the" venue?

> In construing a statute, our goal is to
> ascertain and effectuate legislative intent. We first examine the primary source of legislative intent, the words of the statute, giving them their ordinary and natural meaning. If the meaning of the language is unclear or ambiguous, we must consider not only the literal or usual meaning of the words, but their meaning and effect in light of the setting, the objectives and purpose of the enactment, in our attempt to discern the construction that will best further the legislative objectives or goals.

*Whack v. State,* 338 Md. 665, 672, 659 A.2d 1347 (1995) (citations and quotation marks deleted).

As a means of obtaining insight into the legislature's intent, we examine contemporaneous statutory and case law to determine which circuit courts would have had "jurisdiction over [a] person" seeking to file an appeal at the time the Act became

law. *See Liverpool v. Baltimore Diamond Exchange,* 369 Md. 304, 317–18, 799 A.2d 1264 (2002) (citing *Webster v. State,* 359 Md. 465, 480, 754 A.2d 1004 (2000)).

Maryland's Workers' Compensation Act was enacted by Chapter 800 of the Laws of 1914. Section 55 of that statute provided:

> Any employer, employee, beneficiary, or persons aggrieved by a decision of the Commission ... may have the same reviewed by a proceeding in the nature of an appeal and initiated in the Circuit Court of the County or in the Common Law Courts of Baltimore City having jurisdiction over the place where the accident occurred or over the person appealing from such decision....

1914 Md. Laws 1459.

Chapter 800 § 55 was codified as Article 101, § 56. Article 101, § 56 was in effect without relevant substantive modification until the Act was recodified as Title 9 of the Labor and Employment Article by Chapter 8 of the Laws of 1991. At that time, what had been Article 101, § 56 became LE § 9–738. 1991 Md. Laws 961.

At common law, venue for a transitory action, such as contract or negligence, "would lie wherever the defendant could be reached with process...." *Kane v. Schulmeyer,* 349 Md. 424, 432, 708 A.2d 1038 (1998); *Eck v. State Tax Comm'n.,* 204 Md. 245, 250, 103 A.2d 850 (1954). The General Assembly frequently modified the common law rule. Judge Wilner traced Maryland's rather tortuous path from the common law to our current venue statutes in *Kane,* 349 Md. at 427–38, 708 A.2d 1038, and *Swanson v. Wilde,* 74 Md.App. 57, 61–68, 536 A.2d 694 (1988). For the purposes of this opinion, it is sufficient to note that, as Judge Wilner explained in *Swanson,* the General Assembly enacted Chapter 456 of the Laws of 1888, which amended Article 75, § 87, Md.Code Ann. (1860), to provide that " 'any person who resides in one county but carries on any regular business, or habitually engages in any avocation or employment in another county, may be sued in either county....' " *Swanson,* 74 Md.App. at 62, 536 A.2d

694 (quoting 1888 Md. Laws ch. 456). This statute, although renumbered as Article 75, § 147, was in effect without relevant amendment in 1914.

 One of the fundamental precepts of statutory interpretation is that the General Assembly is aware of existing law when it enacts new legislation. *Proctor v. Washington Metro. Area Transit Auth.*, 412 Md. 691, 720, 990 A.2d 1048 (2010) (citing *Collier v. Nesbitt,* 79 Md.App. 729, 734, 558 A.2d 1242 (1989)). With this in mind, we conclude that, when the General Assembly enacted the Act in 1914, it was aware that, pursuant to Article 75, § 147, a natural person could be sued both in his or her county of residence as well as in his or her county of employment. Thus, when it provided that an appeal could be initiated "in the Circuit Court of the County or in the Common Law Courts of Baltimore City having jurisdiction over the place where the accident occurred or over the person appealing from such decision . . . ," it intended that a person could file an appeal in either forum, as well as in the county in which the accident occurred.

That the legislature used the singular—"in the Circuit Court"—does not change the result. In 1860, the legislature incorporated guidelines for statutory interpretation into the Code as Article 1, including what is now MD. CODE ANN. (1957, 2005 Repl Vol.), Article 1, § 8 which provides that, in interpreting provisions of the Maryland Code:

> The singular always includes the plural, and vice versa, except where such construction would be unreasonable.

1860 Md. Laws 4.

Applying this rule of construction to § LE 9–738 yields a reasonable result; not applying it would yield an unreasonable one, forcing courts to determine which of multiple fora constituted "the Circuit Court . . . having jurisdiction over . . . the person appealing from such decision," without guidance from the legislature as to how the choice should be made.

*(B) Court of Appeals' Decisions Construing the Statute*

In the nearly 100 years since the Act became law, the Court of Appeals has construed § 9–738's statutory predecessor on five occasions.

The first was *Brenner v. Brenner,* 127 Md. 189, 96 A. 287 (1915), the only case in which the Court considered an appellant's contention that it could file an appeal in multiple venues. In that case, the accident occurred in Washington County and the employer and the claimants resided there. The employer's insurer, a foreign corporation whose resident agent was located in Baltimore, appealed the Commission's decision to the Superior Court of Baltimore City. *Id.* at 191, 96 A. 287. The Superior Court dismissed the appeal. *Id.* at 192, 96 A. 287. Before the Court of Appeals, the insurer argued:

> [I]nasmuch as jurisdiction to entertain such appeal is conferred upon the Court having jurisdiction over the person appealing from such decision, and that appeal in the present case having been taken by the insurance carrier, a corporation, the agent of which is within the jurisdiction of the Superior Court, therefore, that tribunal is clothed with power to entertain the appeal.

*Id.* at 192, 96 A. 287.

> The Court of Appeals identified the purpose of the Act as two-fold: first, in cases of injury to employees to provide a speedy and inexpensive method by which compensation might be made to them or those dependent upon them without the delay of long and tedious litigation, and at a minimum of cost; and secondly, to substitute a more uniform scale of compensation in cases of accident than could be obtained from the varying and often widely divergent estimates of juries. . . .

*Id.* at 193, 96 A. 287.

The Court noted that, in most cases, the circuit court for the county in which the accident occurred "is also the tribunal having jurisdiction of the employer and employee, and certainly is the jurisdiction in which most, if not all, of the witnesses

would be resident. . . ." *Id.* at 194, 96 A. 287. It reasoned that the persons most concerned with the accident "and with whom the Act had primarily to do, were the employer and employee; the insurance carrier occupies the position of a surety for the employer." *Id.* The Court concluded that "there can be no injustice" in requiring an insurer to appeal "in the jurisdiction where it had obtained the business," i.e., Washington County. *Id.*

*Brenner* is the only case in which the Court of Appeals considered § 56 in the context of alternative venues. The remaining cases, *Howell,* 190 Md. 704, 59 A.2d 680; *Board of Education v. Reynolds,* 171 Md. 454, 189 A. 246 (1937); *Miller v. Bethlehem Steel Co.,* 160 Md. 657, 154 A. 555 (1931); and *Bethlehem Steel v. Traylor,* 158 Md. 116, 148 A. 246 (1930), involved the factual issue of whether the claimant, at the time of the filing of the appeal, resided in the City of Baltimore.

In *Traylor,* 158 Md. at 129–30, 148 A. 246, the employee died as a result of an industrial accident occurring at Sparrows Point in Baltimore County. Prior to his death, he and his wife resided in the City. After his death, his widow stayed for a time with relatives in Virginia but returned to Maryland for the hearing before the Commission and was staying in a rooming-house at the time the appeal to the Baltimore City Court was filed.

Before the City Court and the Court of Appeals, the employer conceded that the test under § 56 was "the amenability of the appealing party to service of process and the rendition of a personal judgment" but argued that the widow would be considered a non-resident debtor for purposes of attachment on original process. The Court of Appeals rejected the argument, explaining:

It is with reference to the terms and objects of the Workmen's Compensation Law, and to a person voluntarily invoking the court's jurisdiction, that the present question is to be determined. In our judgment it would not be consistent with the purpose or policy of the statute to dismiss the

appeal in this case in view of the circumstances shown by the record.

*Id.* at 130, 148 A. 246.

The Court further held that the issue of residency was a question of fact for the jury. *Id. Reynolds* is to the same effect. 171 Md. at 458, 189 A. 246.

In *Miller,* the appellant was a resident of Baltimore County and was injured in an accident occurring there. He filed an appeal in the Baltimore City Court from an adverse decision by the Commission; the Court dismissed the appeal. The Court of Appeals held:

> The language of this statute is, we think, clear and specific as to the courts to which jurisdiction is thereby given to review, on appeal, the action of the State Industrial Accident Commission in any given case. It is either the court "having jurisdiction over the place where the accident occurred," or the court having jurisdiction "over the person appealing from such decision" of the commission.

> In this case, the accident occurred in Baltimore County, and not in the city, and the Baltimore City Court was without jurisdiction over the person appealing, who was a resident of Baltimore County. To hold that the Baltimore City Court had jurisdiction to hear and determine the appeal from the [the Commission], we would have to ignore the plain and simple provisions of the statute, as well as its object and purpose, . . . .

160 Md. at 659–60, 154 A. 555.

In *Howell,* the employee was disabled in an accident at Sparrows Point. He returned to his family home in Ohio. 190 Md. at 708, 59 A.2d 680. He attempted to appeal an unsatisfactory award from the Commission to the Superior Court for Baltimore City, which dismissed it on the grounds that the accident had not occurred within the City and that Howell was not a resident at the time of the filing of the appeal. *Id.* at 710, 59 A.2d 680. The Court of Appeals summarized the cases discussed above as establishing:

[T]he Court which has jurisdiction over the place where the accident occurred is in most instances the Court which has jurisdiction over the person appealing.... It is also established that if a workman is injured by an accident which occurred in one of the counties, he cannot appeal from a decision of the [Commission] to one of the courts in Baltimore City over the employer's objection, unless he was a resident of Baltimore City at the time he entered his appeal.

*Howell,* 190 Md. at 709, 59 A.2d 680.

The language in *Howell* notwithstanding, none of the decisions by the Court of Appeals involved the specific issue presented to us: an employee residing in one county but seeking to file a petition for judicial review in the county where he is employed. In *Brenner,* the Court of Appeals limited the venue options available to an insurer but made it clear that its holding was limited to that class of potential appellants. 127 Md. at 194, 96 A. 287. The decisions of the Court of Appeals applying the statute, rendered when society and workforces were far less mobile, clearly signaled a preference for appeals being filed in the county in which the accident took place. This consideration is of no moment in this case because the accident took place in Delaware. We conclude that there is no conflict between the reasoning we adopt in Mr. LeCronier's case and the *Brenner, Howell, Reynolds, Miller,* and *Traylor* decisions.

The motions court in the Circuit Court for Baltimore City erred in granting appellee's motion to transfer Mr. LeCronier's petition for judicial review to Anne Arundel County. We will vacate the judgment of the circuit court and remand this case to it with instructions to transfer the case to the Circuit Court for Baltimore City for a new trial. *See Leung,* 354 Md. at 233–34, 729 A.2d 956 ("The Nuneses seek their remedy after final judgment was entered in the wrong forum.[1] Although the time spent by the Nuneses in the wrong forum, ..., cannot be restored, the remedy is a new trial in the [circuit court in which the action was originally filed].") (footnote omitted).

THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY IS VACATED AND THE CASE REMANDED TO IT WITH INSTRUCTIONS TO TRANSFER THE CASE TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR A NEW TRIAL. COSTS TO BE PAID BY APPELLEES.